THE PEOPLE v. JAMES WHITSON, IMPLEADED WITH JOHN McMARTIN AND THOMAS MAHER.

*Impeaching testimony—Proof against accomplices.*

Impeaching testimony against a person not yet called as witness cannot be admitted.

In a prosecution for robbery it was shown that after the robbery the complaining party went into a house in the door of which a woman was standing. *Held* that the witness could not be cross-examined as to the reputation of this woman as a prostitute, thief and brothel keeper.

A witness cannot be impeached by showing her to be a thief, prostitute and brothel keeper, though she may perhaps be asked on her own cross-examination as to such matters.

Where a robbery is committed by several persons acting in concert, it is proper on the separate trial of one of them to show that the plunder was found with one of the others, or in the cell where he had been locked up.

Exceptions before judgment to the Recorder's Court of Detroit. Submitted April 21. Decided April 28.

INFORMATION for robbery. Respondent was convicted.

Attorney General *Otto Kirchner* for the People.

*Miller & Clarke* for respondent.

CAMPBELL, J.   Whitson was convicted of the robbery of one John Guilman, of which he was jointly charged with McMartin and Maher, but separately tried.   The testimony of the offense was direct and positive.   The money taken was part in silver and part in bills.   Complainant identified one of the bills positively, and others not so clearly.   One of the witnesses for the prosecution mentioned several women, and among them one Sarah Burns, as standing at the door of a house which Guilman went to after the robbery, while he bore the marks of violence.   On cross-examination he said it was a house of bad repute.   He was then asked on cross-examination concerning the reputation of Sarah Burns as being a prostitute and thief and brothel keeper, and this inquiry being excluded, respondent excepted, and now claims it to have been error.

We do not think if Sarah Burns had been at that time sworn as a witness, that such testimony would have been proper impeaching testimony.   It might have been allowable on her own cross-examination, and when she afterwards became a witness it is evident full latitude was given for such questioning.   But it is a novel practice to seek to impeach a witness who has not as yet been sworn in the case at all, and it is not allowable.

The only other error alleged is that one of the police officers was allowed to show that he found the bills in question in McMartin's cell, where he was locked up at the police station.   The only ground of this objection is that inasmuch as Whitson was separately tried, he could not be proven guilty by any conduct of the co-defendants.

Inasmuch as the offense charged and proved was committed by the three acting together and in concert, it was competent to trace out the fruits of the robbery to any of them.   The money identified was sworn to have been taken by force from Guilman by an assault

from all three, and tracing this money to any of them was, if not necessary, at least very pertinent. There is no reason suggested which seems in any way plausible against it.

There is no error, and the prisoner should be sentenced.

The other Justices concurred.