FRANK M. TRAFTON vs. DANIEL S. PITTS, appellant.

Cumberland. Opinion May 16, 1882.

*New trial. Jurors. Practice. Evidence.*

A motion for a new trial cannot be sustained by evidence of what is said by jurors while deliberating upon a case. Such evidence is illegal and will not be considered by the court. And when by consent of parties jurors have been allowed to view animals claimed to be those in litigation, it is not such misconduct as will support a motion for a new trial, if the jurors look at them a second time when neither the parties nor their counsel are present, and no consent of the parties is given for them to do so.

ON REPORT on motion for a new trial on the ground of misconduct of some of the jurors, from superior court.

Trover for the value of two sheep, originally brought before a trial justice where judgment was for plaintiff, and the defendant appealed.

The verdict of the jury was for plaintiff for eight dollars and eighteen cents.

The material facts upon the question submitted to the court are stated in the opinion.

*Nathaniel S. Littlefield*, for the plaintiff, cited: *State* v. *Pike*, 65 Maine, 117; *Clark* v. *Lebanon*, 63 Maine, 393.

*Caleb A. Chaplin*, for the defendant.

The evidence adduced in support of the motion for new trial fully establishes the fact "that there was a deliberate going in search of evidence out of court by jurors, who acted upon the results of their examination themselves, and communicated them to their fellows," as in *Bowler* v. *Washington*, 62 Maine, 302, and *Winslow* v. *Morrill*, 68 Maine, 362. And that they did not decide this case upon such evidence as was produced before them by the parties to the litigation.

The fact that the jury had previously looked at the sheep and examined whatever either party pointed out does not alter the case. Both parties could see what was then pointed out and had

the opportunity to explain by other evidence any matter requiring it; but they were deprived of that privilege in the second examination. The identity of the two sheep was the real question for the jury, for if the plaintiff's sheep were lost, stolen, or had died without any actual or active agency on the part of the defendant, or merely through his negligence, he could not be held for their value in this form of action. *Dearbourn* v. *Union National Bank*, 58 Maine, 273; *Hagar* v. *Randall*, 62 Maine, 439.

WALTON, J. The contention in this case is in relation to the ownership of two sheep. The plaintiff claims that he owns them, and the defendant claims that they belong to him. The action is trover, and was originally commenced and tried before a magistrate. The magistrate decided in favor of the plaintiff, and the defendant appealed. At the trial in the superior court, the defendant brought to court (or rather into the neighborhood of the court) two sheep, which he claimed were the identical sheep in controversy; and, at his request, the jury were allowed to go to the stable where they were and view them. But notwithstanding this, and much other evidence, the jury decided, as the magistrate had decided, that the defendant was guilty of converting to his use two of the plaintiff's sheep. He moves for a new trial because some of the jurors, after the first view, went and took a second look at the sheep, without his knowledge or consent, and without the leave of the court. He claims that this was such misconduct on the part of these jurors as entitles him to a new trial. We think not. If it be conceded that the second view was improper, it seems to us that it was a very harmless proceeding. As the jurors had been allowed to view the sheep once, we fail to see how a second look at them could do any harm. It would not bring before them any new evidence; it would only be a second look at evidence already before them. If the first examination of the sheep was beneficial to the defendant, as he seems to have believed it would be, we fail to see how a second look at them could do him any harm. And we again remind counsel, as we have often done before, that it is useless to attempt to support a motion for a new trial by evidence of

what is said by jurors while deliberating upon a case. Such evidence is illegal and will not be considered by the court.

*Motion overruled.*

*Judgment on the verdict.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.