PEOPLE *v.* KUDLA.

1. CRIMINAL LAW—INTOXICATING LIQUORS—TRIAL—UNAUTHORIZED VIEW BY JUROR CURED BY SENDING ENTIRE JURY. ·

   In a prosecution for violation of the prohibition law by keeping a place where intoxicating liquors were sold, etc., where the prosecution claimed that sales were made through a certain window, which defendant denied and claimed that the window had been painted some time before and not thereafter raised or disturbed, and, after court closed for the day, a woman juror, without authority, inspected the window, the error was cured by the court's sending the entire jury, under proper instructions, to take a view; such view being authorized by 3 Comp. Laws 1915, § 15825.

As to unauthorized view by juror or jury as ground for new trial, see notes in 42 L. R. A. 394; L. R. A. 1915B, 703.

2. APPEAL AND ERROR—TRIAL—INSTRUCTIONS—REQUESTED INSTRUC-
    TIONS.
    It was not error for the trial court to refuse a requested
    instruction, where the subject was fully covered by the
    charge as given.

Exceptions before judgment from Jackson; Parkin-
son (James A.), J.    Submitted April 26, 1923.
(Docket No. 134.)    Decided June 4, 1923.

Tony Kudla was convicted of violating the liquor
law.    Affirmed.

*John F. Henigan,* for appellant.

*John Simpson,* Prosecuting Attorney, and *Harry E.
Barnard,* Assistant Prosecuting Attorney, for the
people.

WIEST, C. J.    Defendant was convicted of keeping
a place where intoxicating liquors were sold, etc.,
in violation of law, and brings the case here for re-
view upon exceptions before sentence.    At the trial
it was claimed by the prosecution that sales of liquor
were made by defendant through a window opening
into an outside covered stairway.    This was denied
by defendant and the claim made that the window
had been painted some time before and the sash had
not thereafter been raised or disturbed.    With such
issue before the jury, court closed for the day and in
the evening a woman juror, accompanied by her
husband, visited defendant's place and inspected the
window.    The next morning the trial judge learned
of such unauthorized view, questioned the juror, and
in an effort to cure the error sent the entire jury,
under proper instruction, to take a view, declined to
declare a mistrial and later denied a motion for a
new trial.    Was the error cured?    The case is un-

like that of *Buffalo Structural Steel Co.* v. *Dickinson*, 98 App. Div. 355 (90 N. Y. Supp. 268), where two jurors took an unauthorized view and the trial judge, in an effort to cure the error, ordered a view by the entire jury but failed because the law did not permit, in that case, of a view by the jury.   The statute (3 Comp. Laws 1915, § 15825) authorized the trial judge to order a view by the jury in this case. We think the error occasioned by the misconduct of the juror was cured by sending the entire jury to view the premises, as it appears that the offending juror did no more than take the same view on both occasions.   No real harm came to defendant and the point made falls within the holding in *Trafton* v. *Pitts*, 73 Me. 408, where, after an ordered view, the jurors took an unauthorized view and it was held not to warrant a new trial.   In most all of the cases the misconduct complained of did not come to the attention of the court until after the verdict, and in such event prejudicial error is presumed from such misconduct. We can see no good reason for holding there was prejudicial error in the unauthorized view, not cured by the authorized view.

Defendant claimed he was not present at the time of the alleged sales and knew nothing about the same and the court was asked to instruct the jury that:

"If these sales were made by some one other than the defendant and in the absence of the defendant, when the defendant was not there and that he knew nothing of these sales and was in no way connected with them; that they were not made because of any understanding or arrangements between him and the party that made them; in other words, that he had no knowledge and no connection whatever of any kind or description with these alleged sales; then these sales, if they were made by some one other than the defendant and contrary to defendant's instructions and without his knowledge, then, of course, these sales,

even if they were made, would not be evidence of defendant's keeping a place."

This instruction was refused but we find the material substance thereof fully covered in the charge as given. The court instructed the jury:

"If you believe that these alleged sales were made and that this liquor was found in this place, that alone is not sufficient, unless respondent had some knowledge or notice or was a party to some plan, scheme or arrangement to make these sales or to keep liquor there for the purpose of selling or to have it stored there. If he knew of it and permitted it or was a party to the sales and the keeping, then he is guilty of keeping a place. On the contrary, if he had no knowledge, that is to say, if the sales were made by some one other than respondent without his knowledge or consent or without any understanding or arrangement with him or if the keeping of the quantity of liquor found there was without his knowledge, against his will and without any arrangement or plan with him, then he is not guilty and your verdict should be not guilty, unless there is other evidence believed by you to be true which convinces you he was keeping an unlawful place as charged."

Defendant has no reason to complain of the charge. It is also claimed the verdict is against the great weight of the evidence. Whether defendant was in his place of business at the time alleged or visiting in the city of Detroit, presented a question of fact, under the evidence, for the consideration of the jury, and we entertain no disposition to disturb the verdict rendered.

We find no reversible error and the conviction is affirmed, and the circuit court advised to proceed to judgment.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.