## TAYLOR v. KLAHM.

1. Trusts—Benefits to Fiduciary—Presumption of Undue Influence.

   A confidential or fiduciary relationship is founded when trust or confidence is reposed by one in the integrity and fidelity of another and where the latter receives benefits as a result of such relationship, there arises a rebuttable presumption that such benefits were procured by the exercise of undue influence.

2. Fraud—Undue Influence—Fiduciary—Pleading.

   Facts to support charge of undue influence by a fiduciary should be alleged with particularity, since such influence is a species of fraud.

3. Witnesses—Time for Impeachment.

   A witness may be impeached only after he has been examined and evidence is not admissible to impeach a person who has not yet been introduced, sworn, or examined as a witness.

4. Same—Charge of Crime—Explanation.

   Once a guilty plea to a criminal charge is brought out in a civil trial, the witness or party has the right to offer to the jury his explanation.

5. Same—Credibility.

   Injection of criminal proceedings into trial of civil· action for alleged conspiracy of defendants to defraud elderly plaintiff

---

References for Points in Headnotes

[1] 25 Am Jur 2d, Duress and Undue Influence §§ 35, 36, 38, 43, 44.
[2] 25 Am Jur 2d, Duress and Undue Influence § 42.
[3, 5] 58 Am Jur, Witnesses § 679.
[4] 58 Am Jur, Witnesses § 752.
   Right of witness whose credibility has been impeached by evidence of previous conviction, charge of crime, or arrest, to assert innocence or to explain or show circumstances. 166 ALR 211.

before the witness had been examined on direct examination *held*, prejudicial, impeachment not being permissible at that time.

Appeal from Berrien; Hadsell (Philip A.), J. Submitted Division 3 May 8, 1967, at Grand Rapids. (Docket No. 2,535.) Decided November 30, 1967.

Complaint by Russell J. Taylor, administrator of the estate of Alma Sturn, against Hannah Klahm and Marianne Piner, for conspiracy to defraud and cheat plaintiff's decedent. Verdict for plaintiff. Defendants appeal. Reversed and remanded.

*Taylor & Taylor,* for plaintiff.

*Davidow & Davidow,* for defendants.

BURNS, J. Plaintiff's amended complaint in this case alleged that defendants conspired to defraud and cheat plaintiff's decedent by preying upon her elderly and senile condition and by exerting illegal and undue influence. The case went to trial and judgment on a jury verdict was entered in favor of plaintiff.

One of defendants' many assignments of error on appeal is that plaintiff's allegation of undue influence was insufficient to raise an issue regarding the existence of a "confidential or fiduciary relation" between the decedent and the defendants. Finding such a relation and a resulting benefit to the fiduciary therefrom rebuttably establishes a presumption of undue influence. *In re Wood Estate* (1965), 374 Mich 278. Although undue influence is a species of fraud[1] and as such the facts should be

---

[1] *In re Jennings' Estate* (1952), 335 Mich 241, 247.

alleged with particularity[2] defendants did not make
a motion for a more definite statement[3] nor did they
express any other dissent on the record as to this
matter prior to the introduction of proofs by plain-
tiff. The defendants should have expected virtually
any method of proving the allegation of undue in-
fluence. Furthermore, the substance of the alleged
improper transactions is apparent from the plead-
ings,[4] and therefore an attempt to prove undue in-
fluence by use of the presumption was permissible.

Plaintiff's opening statement to the jury referred
to the fact that defendants had been charged with
the crimes of conspiracy and perjury; the transcript
of the proceedings records the following:

"*Mr. Davidow* [attorney for defendants]. If the
court please,.I am going to object as being improper
in this case and prejudicial, and I ask for a mistrial.

"*The Court.* The motion for mistrial will be de-
nied. I will instruct the jury now that any evidence
of criminal liability on the part of the defendants, or
either of them, if admitted, when it's offered will be
received solely as bearing upon the credibility, and
is no proof one way or the other of the liability of
the defendants to the plaintiff, and is admitted solely,
if it is admitted when the time comes, as bearing
upon their credibility, if you wish to use it for that
purpose. Proceed.

"*Mr. Taylor* [attorney for plaintiff]. The two de-
fendants were charged and pleaded guilty to per-
jury in connection with this offense.

"*Mr. Davidow.* May I have a running objection,
your Honor?

"*The Court.* I think you have gone far enough,
Mr. Taylor.

"*Mr. Taylor.* All right. I will proceed.

---

2 GCR 1963, 112.2.
3 GCR 1963, 115.1.
4 *La Forest* v. *Black* (1964), 373 Mich 86.

"*Mr. Davidow.* I renew my request for mistrial because of repetition of counsel after—

"*The Court.* I will deny that. The jury will disregard the statements of counsel as to what took place in that regard."

Although the jury was instructed to disregard counsel's comments, the prejudicial effect of plaintiff's indiscriminate statement to the jury could not be totally eliminated. Other references to the criminal matters arose during plaintiff's case in chief, and the trial judge maintained the position (and so instructed the jury) that such evidence was admissible for purposes of questioning the credibility of defendants. The incriminating statement to the jury and evidence were received before either defendant had uttered a word from the witness stand. This type of trial tactic is intolerable. "The proper time for impeaching the credit of a witness is after he has been examined, and evidence is not admissible to impeach a person who has not yet been introduced, sworn, or examined as a witness." 98 CJS, Witnesses, § 481, p 364; *People* v. *Whitson* (1880), 43 Mich 419.

This error was not cured when defendants finally testified, thereby making their credibility an issue. At this point of the trial the error was compounded because the trial judge refused to admit testimony which purportedly would have explained the circumstances surrounding defendants' pleas of guilty. "It has always been the law that, when a witness or party under cross-examination admits to conviction of a crime or crimes, he of right is permitted 'to offer to the jury his explanation'." *Perin* v. *Peuler* (On rehearing, 1964), 373 Mich 531, 545; also see cases cited therein.

While this rule appears to be limited to those cases where a witness or party admits to a convic-

tion under cross-examination, it is equally applicable under the facts of this case where impeachment of the defendants was erroneously permitted prior to direct examination.

The prejudicial impact of plaintiff's injection of the criminal proceedings is suggested in the foreman's report of the verdict: "The verdict is, we find for the plaintiff in the sum of $20,891.33, which includes the 5% interest, both defendants of equal *guilt*." (Emphasis supplied.) Defendants were not afforded a fair trial because of the aforementioned errors. The remaining assignments of error do not merit discussion or have been obviated by disposition of this matter.

Reversed and remanded for a new trial. Costs to appellants.

FITZGERALD, P. J., and HOLBROOK, J., concurred.