PEOPLE *v* CARL SMITH

1. AUTOMOBILES—INSPECTION—EQUIPMENT DEFECTS.

Police officers had reasonable grounds for entering defendant's car where defendant had been stopped for failing to give a turn signal when turning, because a police officer may properly enter a motor vehicle without permission to inspect the vehicle for defects in equipment if he has reasonable grounds to suspect equipment failure.

2. SEARCHES AND SEIZURES — AUTOMOBILES — INSPECTION — PLAIN VIEW.

A weapon seized from a motor vehicle was properly admitted into evidence even though a police officer entered the car without permission and without a search warrant where he entered the car to inspect the vehicle for defects in equipment, he had reasonable grounds for suspecting equipment failure, the failure of the driver to give a turn signal when turning, and the weapon was in the officer's plain view once he had entered the car.

3. CRIMINAL LAW—DISMISSAL OF COMPLAINT—SUPERINTENDING CONTROL.

A circuit court may exercise its superintending control to reverse a district court's dismissal of a complaint and warrant in a criminal case where the dismissal was based on an erroneous application of the law.

Appeal from Kent, Stuart Hoffius, J. Submitted Division 3 February 2, 1972, at Grand Rapids. (Docket No. 11073.) Decided March 23, 1972. Leave to appeal denied, 387 Mich 797.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  47 Am Jur, Searches and Seizures §§ 18–20.
Lawfulness of search of motor vehicle following arrest for traffic violation. 10 ALR3d 314.
[2]  Search and seizure; Observation of objects in "plain view"— Supreme Court Cases. 29 L Ed 2d 1067.
[3]  4 Am Jur 2d, Appeal and Error § 105 *et seq.*
20 Am Jur 2d, Courts §§ 111–117.

Carl Smith was charged with carrying an unlicensed pistol in an automobile. Complaint and warrant dismissed. Complaint by the Kent County Prosecuting Attorney against the district court judge for superintending control to compel the binding over of Smith for trial. Superintending control granted. Defendant Smith appeals by leave granted by the Supreme Court, 385 Mich 755. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Assistant Prosecuting Attorney, for the people.

*Paul A. Williams* for defendant on appeal.

Before: Fitzgerald, P. J., and R. B. Burns and Holbrook, JJ.

Fitzgerald, P. J. Defendant was charged with carrying an unlicensed pistol in an automobile.[1]

Considerable prior history precedes the instant submission. The issue is admissibility of the pistol into evidence. The district court judge held that the evidence was unlawfully seized and inadmissible. The Kent County Circuit Court, on superintending control, reversed, and defendant was bound over for trial. The Court of Appeals affirmed the order of the Kent County Circuit Court. Subsequent appeal to the Supreme Court brings the case before this Court through remand and order for determination.

The facts, crucial to this decision, are as follows:

State Police officers stopped defendant's automobile as he drove through Cedar Springs because one headlight was out and defendant failed to signal

---

[1] MCLA 750.227; MSA 28.424.

either by hand, or turn signal when making a left-hand turn. Defendant was asked if he had any guns, narcotics, knives, or anything else he should not have in the car. The answer was no. The police then requested permission to look. The defendant answered, "Well you know how it is, I'd rather not". The arresting officer then testified:

"I asked him if his equipment was okay. We stopped him for an equipment violation and I asked him if his turn signals were okay and he indicated they're okay, so I went up to check them. I went up to the car, got in the car, and I tested the brakes and the turn signal which is on the right hand side, and I looked down on the passenger's seat and I could see a hammer of a .45 automatic protruding from the back rest on the seat."

The gun was seized and defendant charged. The following two issues are raised on this appeal:

1. Where officers stop a vehicle due to a failure to signal a turn and, having evidence that a headlight is defective, request permission to search a vehicle for narcotics and firearms, are refused permission, and then discover a firearm while allegedly checking for equipment violations, is the search and seizure illegal?

2. Where the district court concludes at preliminary examination that there was no probable cause to support the search of an auto and that the vehicle was not properly searched for defective vehicular equipment, is the circuit court in error in reversing the district court's dismissal of the complaint and warrant?

Defendant contends that the discovering officer did not have probable cause or reasonable grounds to enter defendant's vehicle and even if he did, this was not a routine inspection permitted under statute but an excuse to search for evidence of other crimes.

On the face of the facts, we are at first inclined to agree with defendant, though his position weakens when examined closely. The search was conducted on very technical grounds. The defective headlight required no entry of defendant's car to be detected. The fact that no directional turn flasher was operated could have been simply and easily checked by asking defendant to flip the signal control. There was no purpose for checking the brakes from the reasons originally given for halting the car.

Notwithstanding the somewhat tenuous reason for entering the car, we are constrained to rule that the officer was acting within the law in entering the car to check the equipment since defective equipment was the reason for stopping defendant in the first place. An added factor is that the automobile, a foreign make, carried a turn signal on the right-hand side of the steering column, making it all but inaccessible from the outside, had the officer reached through the window rather than enter.

MCLA 257.683; MSA 9.2383 provides:

"Any police officer shall be authorized on reasonable grounds shown to stop any motor vehicle and inspect the same, and if any defects in equipment are found, to arrest the driver in the manner provided in this chapter."

The left-turn flasher did not operate when defendant executed a left turn. The reasonable grounds to enter were supplied by the suspected equipment failure. The statutory requirements necessary to permit entry and observation were met. The statute authorizes entry with or without permission and the fact that the police had no reason to believe the defendant was carrying a weapon does not bar entry and has no legal significance. The officer had a right to be in the vehicle for the purpose of testing for

possible defective equipment and to seize objects falling in plain view.

Once the officer is there legally, evidence in plain view becomes subject to seizure and subsequent introduction as evidence.

"It has long been settled that objects falling in the plain view of an officer *who has a right to be in the position to have that view* are subject to seizure and may be introduced in evidence." (Emphasis supplied.) *Harris* v *United States*, 390 US 234; 88 S Ct 992; 19 L Ed 2d 1067 (1968); *People* v *Meadows*, 26 Mich App 675 (1970); *People* v *Tisi*, 384 Mich 214 (1970); *People* v *Charles D. Walker*, 385 Mich 565 (1971).

We cannot agree with defendant's contention that the evidence should have been suppressed.

A trial judge may not agree with the findings of a magistrate, but he has no right to substitute his judgment for that of the magistrate except in a case of an abuse of discretion. *People* v *Karcher,* 322 Mich 158 (1948); *People* v *Bommarito*, 33 Mich App 385 (1971). In determining whether or not an examining magistrate abused his discretion, the evidence before him is reviewed in its entirety. *Karcher, supra.*

A review of the entire record here indicates that the district court judge did abuse his discretion in dismissing the complaint and warrant. The judge concluded that the entry into the vehicle was illegal, and therefore, all evidence obtained subsequent to the entry, including the gun, was illegally seized. The judge based his conclusions upon *People* v *Lee* 371 Mich 563 (1963), where it was found to be unreasonable to enter and test brakes of an auto where the only complaint was a bent license plate which was outside of the automobile and entirely unrelated to brakes.

It is clear that the instant case is distinguished from the situation in *Lee, supra.* Whereas in *Lee* the defective license plate complaint was entirely unrelated to the testing of the brakes, the undisputed facts here indicate that the complaint of failure to signal is clearly related to the entry of the officer into the defendant's vehicle to check to see if the turn signal was defective. The fact that the brakes were also checked is purely incidental and irrelevant. Because the facts of the two cases are distinguishable, the district court judge erred in his application of the law of *Lee, supra,* to the facts of the instant case. This erroneous application of law was an abuse of discretion by the district court. The circuit court, having superintending control, had a right and a duty to reverse the district court's dismissal of the complaint and warrant.

The circuit court's order binding defendant over for trial is affirmed.

All concurred.