PEOPLE v WINHOVEN

1. CRIMINAL LAW—BREAKING AND ENTERING—DWELLING HOUSES—
MOBILE HOMES—STATUTES.

A defendant, after breaking and entering a mobile home, was
properly charged and convicted under the statute which pro-
scribes the breaking and entering of an occupied dwelling
where the mobile home was a person's principal residence and
constituted a dwelling house, even though another statute
specifically proscribes the breaking and entering of a house
trailer (MCLA 750.110, 750.356a).

2. CRIMINAL LAW—BREAKING AND ENTERING—WORDS AND PHRASES
—MOBILE HOMES—DWELLING HOUSES.

A mobile home is another name for a house trailer; a dwelling
house has been defined as a place where a man lives with his
family.

3. CRIMINAL LAW—BREAKING AND ENTERING—STATUTES.

A statute which proscribes the breaking and entering of a dwell-
ing house seeks to protect the right to peaceful habitation; a
statute which proscribes the breaking and entering of a house
trailer is intended to protect property (MCLA 750.110,
750.356a).

4. DISTRICT AND PROSECUTING ATTORNEYS—DISCRETION—BREAKING
AND ENTERING—STATUTES.

A prosecutor has the inherent authority to charge a defendant
under either of two applicable statutes where the defendant is
alleged to have broken and entered a mobile home (MCLA
750.110, 750.356a).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 13 Am Jur 2d, Burglary §§ 8–26.
[2] 54 Am Jur 2d, Mobile Homes, Trailer Parks, and Tourist Camps
§ 1.
[5, 6] 58 Am Jur, Witnesses § 654.
[7] 58 Am Jur, Witnesses § 868.
[8] 21 Am Jur 2d, Criminal Law §§ 525–530, 533.
[9] 21 Am Jur 2d, Criminal Law § 303.
[10] 21 Am Jur 2d, Criminal Law §§ 185, 494.

5. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—WAIVER.

A defendant waived the right to the indorsement and production of a res gestae witness where the defendant knew of the existence of the witness but failed to move for indorsement until after he rested his case.

6. WITNESSES—CRIMINAL LAW—REBUTTAL TESTIMONY.

Testimony of a witness was proper rebuttal testimony, and would have been improper during the prosecution's case-in-chief, where the witness's testimony was limited to indicating that the defendant had requested his assistance in fabricating an alibi.

7. WITNESSES—CREDIBILITY—IMPEACHMENT.

A defendant must put his credibility in question by testifying before it may be impeached.

8. CRIMINAL LAW—SENTENCING—INDIVIDUALIZATION OF SENTENCE.

A statement by a trial court at sentencing that it hoped the sentence would deter future law breakers is not sufficient to show that the court did not individualize the defendant's sentence; therefore, resentencing is not required.

9. CRIMINAL LAW—SENTENCING—PRESENTENCE REPORT—FAILURE TO OBJECT.

A defendant is not required to be resentenced because the presentence report contained inaccurate and prejudicial statements where he did not object to the statements until after sentencing.

10. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES—OBJECTION—AFFIRMATIVE EXCLUSION.

Failure to instruct the jury on lesser included offenses is not assignable as error where no instructions on lesser included offenses were requested, no objection was raised to the instructions, and the trial court did not affirmatively exclude the jury's consideration of lesser included offenses.

Appeal from Monroe, James J. Kelley, Jr., J. Submitted October 14, 1975, at Lansing. (Docket No. 21544.) Decided November 13, 1975. Leave to appeal applied for.

Patrick M. Winhoven was convicted of breaking and entering an occupied dwelling with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James J. Rostash,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, and *Dennis M. Powers,* Special Assistant Attorney General, of counsel), for the people.

*Joseph Colombo* and *Sidney Fershtman,* for defendant.

Before: McGREGOR, P. J., and D. E. HOLBROOK, JR. and M. J. KELLY, JJ.

D. E. HOLBROOK, JR., J. Defendant was convicted by a jury on June 11, 1974, of breaking and entering an occupied dwelling with intent to commit larceny. MCLA 750.110; MSA 28.305. Defendant was sentenced to a term of from 2 to 15 years in prison. He appeals as of right.

The object of the breaking and entering was a 12′ × 60′ mobile home situated in a mobile home park. The mobile home was the principal residence of Mr. and Mrs. William Lang. The structure rested on cement blocks which served to level it, although the axle and tires were still attached. However, a metal skirt attached to a wooden frame concealed the underside of the mobile home from view. The mobile home consisted of a kitchen, a living room, a bathroom, and two bedrooms. The mobile home was connected to sewage, water, electric and telephone service and the Langs received their mail there.

Some time after the breaking and entering was committed the defendant and his accomplice, who was the chief prosecution witness, were picked up by Robert Hannegan who drove them to a nearby restaurant. Both the accomplice and the defendant testified to this. However, Mr. Hannegan appar-

ently knew nothing about the breaking and entering. He was not called in the prosecution's case-in-chief but was called as a rebuttal witness. Mr. Hannegan testified that the defendant attempted to get him to perjure himself to help defendant's alibi.

At sentencing the trial court stated that one of its reasons for imposing the sentence that it did was for its deterrence value. Furthermore, the presentence report on the defendant initially stated that the defendant had been involved in an unrelated crime. However, this report was amended to state that the defendant had been found innocent of the second charge but that the probation officer still thought that he was involved.

Defendant's initial claim of error is that he was charged and convicted under an inappropriate statute. Since the crime occurred "in" a mobile home, defendant claims he should have been charged and tried under the statute concerning breaking and entering of a motor vehicle or house trailer. MCLA 750.356a; MSA 28.588(1). It is defendant's contention that since the latter statute specifically mentions house trailers that the occupied dwelling statute does not apply when the breaking and entering is of a mobile home. See *Reithmiller v People,* 44 Mich 280, 282; 6 NW 667 (1880), *Mentel v Monroe Public Schools,* 47 Mich App 467, 469; 209 NW2d 506 (1973).

While defendant makes an interesting argument, it must fail for several reasons. It is true that a mobile home is another name for a house trailer. *Allstate Insurance Co v Walker,* 111 Ga App 120, 122; 140 SE2d 910, 912 (1965), *Lower Merion Twp v Gallup,* 158 Pa Super 572, 575; 46 A2d 35, 36 (1946), *appeal dismissed,* 329 US 669;

67 S Ct 92; 91 L Ed 591 (1946). However, a dwelling house has been defined as a place where a man lives with his family. *DesRoches v McCrary,* 315 Mich 611, 614; 24 NW2d 511 (1946), *Schadt v Brill,* 173 Mich 647, 654; 139 NW 878; 45 LRA(ns) 726 (1913). Thus, it is also possible for a mobile home to be a dwelling house. *Artman v College Heights Mobile Park, Inc,* 20 Mich App 193, 198; 173 NW2d 833 (1969), *Allstate Insurance Co v Walker, supra, Lower Merion Township v Gallup, supra.* When a mobile home is used as a person's principal residence, it more nearly fits within the meaning of the dwelling house statute[1] than the house trailer statute.[2]

Although this is a case of first impression in Michigan, in the context of the arson statutes,[3] the Supreme Court has discussed the purposes for protecting dwelling houses more than other structures or objects. The burning of a dwelling house has been described as a crime against habitation rather than against the fee. *Snyder v People,* 26 Mich 106, 107; 12 Am Rep 302 (1872). Consequently, a charge that a person burned a dwelling house of another could not be sustained when the defendant lived in the house even though he did not own it. *People v Handley,* 93 Mich 46; 52 NW 1032 (1892), *Snyder v People, supra.* Likewise, what is sought to be protected in statutes proscribing breaking and entering of a dwelling house is the right to peaceful habitation. *Smart v State,* 244 Ind 69, 72–73; 190 NE2d 650, 652 (1963), *State v Ebel,* 92 Mont 413, 416–417; 15 P2d 233, 234–235 (1932), Annotation, 43 ALR2d 831, 835 (1955).

This concept that what is sought to be protected

---

[1] MCLA 750.110; MSA 28.305.

[2] MCLA 750.356a; MSA 28.588(1).

[3] MCLA 750.71 *et seq.;* MSA 28.266 *et seq.*

is the habitation has been applied to a mobile home in an arson case. In *Harden v State,* 417 SW2d 170, 172–173 (Tex Crim App, 1967), the defendant had been convicted after burning a trailer. Separate statutes proscribed the commission of arson against houses[4] and trailers.[5] The court affirmed a conviction under the former statute. It ruled that the mobile home was a house when it was used as a residence.

The theory that a person's habitation is to receive more protection also finds support in the statutory breaking and entering scheme in Michigan. The maximum penalty for breaking and entering a motor vehicle or house trailer is 5 years in prison. MCLA 750.356a; MSA 28.588(1). A person convicted of breaking and entering any "tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, structure, boat or ship, railroad car or any private apartment in any such buildings or any unoccupied dwelling house" may receive 10 years in prison. MCLA 750.110; MSA 28.305. But if the breaking and entering occurs in an occupied dwelling house, a person may be imprisoned for 15 years. MCLA 750.110; MSA 28.305.

Furthermore, it should be noted that the two statutes prohibit different things. The dwelling house statute proscribes any breaking and entering with the intent to commit a felony or a larceny. On the other hand, the house trailer statute only punishes a breaking and entering with the intent to commit a larceny. This is consistent with the theory that the former statute is designed to

[4] Vernon's Ann. Penal Code, art 1305 (repealed pursuant to a revision of the Texas penal code by Acts 1973, 63rd Leg., chp 399, § 3(a), eff. Jan 1, 1974).

[5] Vernon's Ann. Penal Code, art 1318 (repealed, *see n4).*

protect the habitation while the latter statute is merely intended to protect property.

By our holding that a mobile home may be an occupied dwelling house under MCLA 750.110; MSA 28.305, we do not eliminate the words "house trailer" from MCLA 750.356a; MSA 28.588(1). There are still many house trailers that are not used as dwelling houses. Moreover, the prosecuting attorney still retains his inherent authority to charge under MCLA 750.356a; MSA 28.588(1), if he so desires in his sound discretion. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672; 194 NW2d 693 (1972), *People v Mire,* 173 Mich 357; 138 NW 1066 (1912), *People v Birmingham,* 13 Mich App 402, 407; 164 NW2d 561 (1968).

Defendant's next claim of error is that the prosecutor failed to endorse Robert Hannegan as a res gestae witness. He argues that this testimony should have been presented in the prosecutor's case-in-chief and not as rebuttal testimony. However, even assuming that Mr. Hannegan was a res gestae witness, it is clear that defendant knew of his existence. Even with this knowledge defendant failed to move for his endorsement until after he rested his own case. This untimely motion for endorsement or production of a witness waives the right to endorsement and production. *People v Parsons,* 59 Mich App 79, 87; 228 NW2d 852 (1975), *People v Love,* 18 Mich App 228, 231; 171 NW2d 33 (1969).

Mr. Hannegan's testimony was proper rebuttal testimony and in fact would have been improper during the prosecution's case-in-chief. The testimony of the defendant and his accomplice indicated that Mr. Hannegan did not have any knowledge concerning any part of the criminal transaction. *People v Tocco,* 60 Mich App 130, 135–137;

230 NW2d 341 (1975). By the time Mr. Hannegan picked up the defendant and his accomplice and took them to the diner, the two had finished their crime. His testimony was limited to indicating that the defendant had requested him to assist the defendant in fabricating an alibi. Since this was solely for impeachment purposes[6] it would have been improper before the defendant testified. It is first necessary for the defendant to put his credibility in question by testifying before it may be impeached. *People v Whitson,* 43 Mich 419, 420; 5 NW 454 (1880), *Taylor v Klahm,* 8 Mich App 516, 519; 154 NW2d 529 (1967).

Defendant's next contention is that he should be resentenced because the trial court did not individualize his sentence, and the presentence report contained inaccurate and prejudicial statements. We reject defendant's contention that the trial court did not individualize his sentence. Merely stating that it hoped the sentence would deter some future law breakers is not enough to hold that the trial court did not individualize the defendant's sentence. *People v Van Epps,* 59 Mich App 277, 285–286; 229 NW2d 414 (1975).

It must be noted that the defendant did not object to the information contained in the presentence report. In fact, defense counsel used it as part of his argument for mercy in sentencing. When defendant makes a tactical decision not to object and affirmatively uses the objectionable material when that decision backfires, he should not be heard to complain. *People v Lee,* 391 Mich 618, 637; 218 NW2d 655 (1974). However, it should be noted that the sole basis of our decision on this issue is that defendant failed to object. We do not

---

[6] On cross examination, the defendant could not remember whether he had asked Mr. Hannegan to perjure himself to assist the defendant.

condone probation officers injecting personal opinions of guilt on other charges when the defendant has been found not guilty by a jury or court.

Defendant also argues that the trial court should have *sua sponte* instructed on lesser included offenses. However, no instructions on lesser included offenses were requested and no objection was raised to the instructions as given. Since there was no objection defendant is precluded from raising this issue on appeal. GCR 1963, 516.2. *People v Lula Watkins,* 60 Mich App 124, 129; 230 NW2d 338 (1975). We further note that the trial court did not affirmatively exclude the jury's consideration of lesser included offenses. *People v Scott,* 61 Mich App 91, 97; 232 NW2d 315 (1975).

We have reviewed defendant's remaining allegations of error and find them without merit.

Affirmed.