PEOPLE v BAINES

1. Witnesses—Criminal Law—Indorsed Witnesses—Failure to
   Produce—Motion for New Trial.

   A motion for a new trial is required before an appellate court will
   review a claim by a defendant that a prosecutor failed in his
   duty to produce a witness who has been indorsed; a motion for
   new trial is not excused even though a hearing has already
   been held and the trial court has already excused the witness.

2. Criminal Law—Appeal and Error—Grounds for Reversal—Us-
   ing Error to Advantage.

   The Court of Appeals will not allow a defendant to use as
   grounds for reversal a possible error which the defendant
   attempted to use at trial to his tactical advantage; therefore,
   reversible error did not occur when a clothing store security
   officer used a box bearing the name of the store to carry a shirt
   which was the subject of the charged larceny while the defend-
   ant claimed the shirt came from another store, where defense
   counsel did not object to the box being present, did not request
   a curative instruction, and attempted to use the box to advan-
   tage by pointing out to the jury that the prosecution must be
   trying to influence the jurors by use of the box.

Appeal from Oakland, Farrell E. Roberts, J.
Submitted October 16, 1975, at Lansing. (Docket
No. 22369.) Decided April 5, 1976.

Samuel Baines was convicted of larceny in a
building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *L. Brooks Patterson,*

References for Points in Headnotes
[1] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.
   58 Am Jur 2d, New Trial § 41.
[2] 5 Am Jur 2d, Appeal and Error §§ 797, 801.

Prosecuting Attorney, and *Robert C. Williams,* Chief Appellate Counsel, for the people.

*William N. Bradford,* for defendant on appeal.

Before: McGregor, P. J., and D. E. Holbrook, Jr. and M. J. Kelly, JJ.

D. E. Holbrook, Jr., J. Defendant was convicted by a jury on October 31, 1974, of larceny in a building. MCLA 750.360; MSA 28.592. On November 18, 1974, the trial court sentenced the defendant to a term of from 2 to 4 years in prison. On December 9, 1974, defendant filed his claim of appeal as of right with this Court.

At trial the prosecution presented two witnesses, a security guard and a sales person from Hughes & Hatcher's Northland store where the larceny occurred. Over objection, the prosecution was excused from producing another person who had assisted in detaining the defendant outside of Hughes & Hatcher and was indorsed on the information.[1] This is the basis for defendant's first claim of error.

Initially, we note that defendant did not move for a new trial. Such a motion is required under *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973). Although in that case the Supreme Court remanded for an evidentiary hearing as to the testimony that the witness would have given or

---

[1] The trial court excused the production of this witness on the grounds that the Southfield police department had made a diligent effort to produce this witness. Because of our disposition of this issue we do not need to review this finding by the trial court; nor do we need to decide the issue of whether this witness is a *res gestae* witness since once a person is indorsed on an information it is incumbent on the prosecution to produce the person or to explain why he cannot be produced. *People v Kern,* 6 Mich App 406, 410; 149 NW2d 216 (1967).

the reason why the witness was not produced, the holding in that case explicitly states:

"In appeals filed after this opinion is published [January 28, 1974] a defendant desiring reversal or a new trial because of a failure to produce an unindorsed or an indorsed witness *shall,* before filing his brief on appeal, move the trial court for a new trial." [2] (Emphasis supplied.) *People v Robinson, supra* at 634.

The purpose behind the remand in *People v Robinson, supra,* was to give that defendant the opportunity to make his motion for a new trial since he could not have known of the new requirement. Likewise, the early decisions of this Court[3] followed the action taken and not the holding of *People v Robinson, supra.* This was a correct procedure since most of these cases were necessarily filed with this Court before the publication of *People v Robinson, supra.*

The language of the holding is clear, before the appellate courts of this state will review a claim that the prosecutor failed in his statutory duty to produce a witness[4] a motion for a new trial is required. The holding does not excuse a motion for a new trial when a hearing has already been held and the trial court has already excused the witness's production. But see, *People v Wynn,* 60 Mich App 636, 640; 231 NW2d 269 (1975). A motion for a new trial should have been filed in this case since defendant could not have filed his claim of appeal until over nine months had elapsed from

---

[2] We treat the date of publication as the date that the opinion is published in the official Michigan Reports advance sheet. *See also People v Koehler,* 54 Mich App 624, 640; 221 NW2d 398 (1974) (O'HARA,.J., dissenting).

[3] *E.g., People v Koehler, supra* at 640, *People v James,* 51 Mich App 777, 784–785; 216 NW2d 473 (1974), *lv den,* 394 Mich 756 (1975).

[4] MCLA 767.40; MSA 28.980.

the publication of *People v Robinson, supra,* and it was not filed until 10-1/2 months had elapsed.

At the trial the Hughes & Hatcher security officer used a box with a Hughes & Hatcher label on it to store the evidence that he brought including the shirt in question. The defendant argues that this is reversible error since his defense was that the shirt did not come from Hughes & Hatcher. In his closing argument defense counsel pointed out that the shirt was one of five in a Hudson's bag. The other four shirts definitely had Hudson labels on them while the shirt in question was a brand sold at both Hughes & Hatcher and Hudson's. Furthermore, the shirt in question did not have any sales tag on it.[5] However, the box was never introduced into evidence, only the contents.

It cannot be denied that the jurors observing the shirt in question being removed from a Hughes & Hatcher box might be influenced against defendant's claim that the shirt might have come from another store. *Cf. People v Kudla,* 223 Mich 137; 193 NW 844 (1923), *People v Benberry,* 24 Mich App 188; 180 NW2d 391 (1970). However, in this case defense counsel did not object to the box being present. He only objected to its admission. Nor did he request a curative instruction. In fact, during his closing argument he attempted to use the box in his favor by pointing out that the prosecution must be trying to influence the jurors' minds by such a device. When defendant attempts to use a possible error to his tactical advantage and the results are not to his liking, this Court will not allow him to use that as grounds for

[5] There was testimony that the security officer found the tag in the Hughes & Hatcher bathroom upon entering it immediately after having observed the defendant enter the bathroom.

reversal. *People v Morgan,* 50 Mich App 288, 291–292; 213 NW2d 276 (1973), *lv den,* 392 Mich 813 (1974), *People v Brocato,* 17 Mich App 277, 305; 169 NW2d 483 (1969).

We have reviewed defendant's remaining allegations of error and find them without merit.

Affirmed.