PEOPLE v REMBO

OPINION OF THE COURT

1. SEARCHES AND SEIZURES—REASONABLENESS—AUTOMOBILES—POLICE
—RULES.

The rules with respect to the stopping, searching and seizing of
motor vehicles and their contents are (1) reasonableness is the
test that is to be applied for both the stop of, and the search of,
moving motor vehicles, (2) said reasonableness will be deter-
mined from the facts and circumstances of each case, (3) fewer
foundation facts are necessary to support a finding of reasona-
bleness when moving vehicles are involved, than if a house or a
home were involved, and (4) a stop of a motor vehicle for
investigatory purposes may be based upon fewer facts than
those necessary to support a finding of reasonableness where
both a stop and a search is conducted by the police.

2. SEARCHES AND SEIZURES—OFFICERS—AUTOMOBILES—PLAIN VIEW.

A police officer, standing where he is entitled to be, has a right to
see and take objects within his plain view and after the proper
stop of an automobile, an officer standing where he had a right
to be, who saw the top of a plastic prescription bottle between
the car seats, was entitled under such circumstances to seize it,
open it and to make a determination of its contents.

3. SEARCHES AND SEIZURES—REASONABLENESS—AUTOMOBILES—OFFI-
CERS—EVIDENCE—PLAIN VIEW—PROBABLE CAUSE.

A search and seizure was reasonable and the evidence seized
admissible at trial where a defendant was properly stopped for

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d, Searches and Seizures § 16.

[2, 3, 6, 7] 68 Am Jur 2d, Searches and Seizures §§ 23, 88.
   Search and seizure: Observation of objects in "plain view." 29 L Ed
   2d 1067.

[3, 7] 68 Am Jur 2d, Searches and Seizures §§ 45, 99.

[4] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

[5] 68 Am Jur 2d, Searches and Seizures § 35.
   Validity under Federal Constitution, of warrantless search of auto-
   mobile. 26 L Ed 2d 893.

erratic driving, there was evidence of intoxication, discovery of marijuana and its paraphernalia, the presence of a prescription bottle in plain view and the odor of marijuana, which are all circumstances justifying a conclusion that the police officers had ample probable cause to believe that defendant's car contained additional narcotics or evidence of intoxication.

4. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—FAILURE TO PRODUCE—FAILURE TO OBJECT—MOTION FOR NEW TRIAL—APPEAL AND ERROR.

Failure to require a prosecutor to produce a res gestae witness is not error where the defendant did not object to the nonproduction of the witness or move for a new trial.

DISSENT BY T. M. BURNS, J.

5. SEARCHES AND SEIZURES—REASONABLENESS—SEARCH WARRANTS—EXCEPTIONS—CONSTITUTIONAL LAW.

*A search without a warrant and the seizure of private property is unreasonable and violative of the Fourth Amendment unless it is shown to come within a recognized exception to the warrant requirement.*

6. SEARCHES AND SEIZURES—OFFICERS—EVIDENCE—PLAIN VIEW—EXPLORATORY SEARCHES.

*Extension of the original justification for a search and seizure is legitimate only where it is immediately apparent to the police that they have evidence before them; the plain view doctrine may not be used to extend a general exploratory search from one object to another until something incriminating at last emerges.*

7. SEARCHES AND SEIZURES—OFFICERS—PLAIN VIEW—PROBABLE CAUSE —JUSTIFICATION—MERE SUSPICION—EVIDENCE—ADMISSIBILITY.

*The mere fact that an object is in plain view does not automatically justify its seizure and where a police officer saw the top of what appeared to be a prescription bottle there was no justification or probable cause for its seizure because he didn't know what the bottle contained and it wasn't immediately apparent to him that he was viewing evidence of contraband; mere suspicion is not probable cause, therefore, the evidence was illegally obtained and inadmissible.*

Appeal from Wayne, Michael L. Stacey, J. Sub-

mitted November 8, 1976, at Detroit. (Docket No. 25297.) Decided January 17, 1977.

Daniel A. Rembo was convicted of possession of secobarbital. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training and Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for plaintiff.

*Sidney S. Baron,* for defendant.

Before: ALLEN, P. J., and T. M. BURNS and BEASLEY, JJ.

BEASLEY, J. In a jury trial, defendant was convicted of possession of secobarbital in violation of the Controlled Substances Act. MCLA 335.341(4)(b); MSA 18.1070(41)(4)(b). After being placed on two years probation with the first four months in jail plus costs, defendant appeals as a matter of right.

Defendant claims that it was error to admit a vial containing the secobarbital into evidence over his objection, where it was taken from his car without a warrant after his arrest for drunk driving.

The facts are not in dispute. On January 9, 1975, an Allen Park police officer observed the defendant pick up a hitchhiker on Southfield Road and then drive erratically upon re-entering traffic, twice hitting the curb. Observing this, the officer stopped the defendant, and when defendant rolled down the window on the driver's side, the officer smelled the odor of alcohol and marijuana. The

officer then asked the defendant to surrender his driver's license and to exit the vehicle. In so doing, defendant stumbled from his car, displaying further symptoms of inebriation, and told the officer he had had a few beers and "a joint". About this time, the officer also observed the top of a plastic prescription bottle tucked between the cushions of the front seat. The officer then informed the defendant that he was under arrest for driving under the influence of liquor. A pat-down search of the defendant led to the discovery of a quantity of marijuana, a small scale, and some rolling papers. At this time, a back-up police officer arrived on the scene and, after being advised of the circumstances, entered the defendant's vehicle, searched the same, finding more marijuana in the ashtray, and seized the vial from between the seats. Defendant's name was on the bottle. The contents of the bottle were subsequently identified as being secobarbital and this prosecution arose. The hitchhiker was released at the scene after limited questioning.

Upon these facts, the defendant asserts that his constitutional right to be secure in his person and effects from unreasonable searches and seizures has been violated. U.S. Const, Am IV, and Const 1963, art I, § 11. He claims that the secobarbital was discovered as a result of an unlawful search and seizure and, therefore, should have been suppressed.

Whether a search and seizure is unreasonable under the Fourth Amendment depends upon the facts and circumstances of the particular case. See *South Dakota v Opperman,* 428 US 364; 96 S Ct 3092; 49 L Ed 2d 1000 (1976). In *People v Whalen,* 390 Mich 672, 682; 213 NW2d 116 (1973), the Supreme Court set forth the following rules with

respect to the stopping, searching and seizing of motor vehicles and their contents:

"1. Reasonableness is the test that is to be applied for both the stop of, and the search of moving motor vehicles.

"2. Said reasonableness will be determined from the facts and circumstances of each case.

"3. Fewer foundation facts are necessary to support a finding of reasonableness when moving vehicles are involved, than if a house or a home were involved.

"4. A stop of a motor vehicle for investigatory purposes may be based upon fewer facts than those necessary to support a finding of reasonableness where both a stop and a search is conducted by the police."

Applying these principles to this case, we conclude the evidence is sufficient to justify the stopping of the defendant's car by the police. Standing where he had a right to be, the officer saw the top of the plastic prescription bottle.

Thus, the plain view doctrine became applicable. This simply means that an officer standing where he was entitled to be had a right to see and take objects within his plain view. *Coolidge v New Hampshire,* 403 US 443; 91 S Ct 2022; 29 L Ed 2d 564 (1971), *People v Carl Smith,* 39 Mich App 337, 341; 197 NW2d 528 (1972). Whether or not he was then entitled to open it and to ascertain its contents depended upon whether, under all the circumstances existing here, determination of the contents of the bottle was reasonable.

The surrounding facts, namely, the defendant's intoxication, the discovery of the marijuana and its paraphernalia, the presence of the vial, and the odor of marijuana in the car, justify concluding that the police officers had ample probable cause to believe that the defendant's car contained additional narcotics or evidence of intoxication. Conse-

quently, they could legally search the defendant's car and seize the vial. *People v Hunter,* 72 Mich App 191; 249 NW2d 351 (1976), *People v Dorner,* 66 Mich App 298; 238 NW2d 845 (1975), *People v Kremko,* 52 Mich App 565, 569–571; 218 NW2d 112 (1974), *People v Tisi,* 384 Mich 214, 218–219; 180 NW2d 801 (1970). The search and seizure in the present case was reasonable and the evidence seized was properly admitted at trial.

The defendant also claims that the trial court committed reversible error by failing to require the prosecutor to produce the hitchhiker as a res gestae witness. However, at trial, the defendant did not object to the hitchhiker's nonproduction nor did he move for a new trial on this ground. Under these circumstances, no reversible error occurs. See *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973), *People v Baines,* 68 Mich App 385; 242 NW2d 784 (1976), *People v Winhoven,* 65 Mich App 522; 237 NW2d 540 (1975).

Affirmed.

ALLEN, P. J., concurred.

T. M. BURNS, J. *(dissenting).* I respectfully dissent for two reasons. I believe that the majority utilizes an improper scope of inquiry in judging the legality of the searches and seizures involved in this case. Further, I reach a different conclusion than the majority regarding the existence of probable cause.

A warrantless search and seizure of private property is unreasonable and violative of the Fourth Amendment unless it is shown to come within a recognized exception to the warrant requirement. *People v Chism,* 390 Mich 104; 211 NW2d 193 (1973), *People v Hilber,* 69 Mich App 664; 245 NW2d 156 (1976). *South Dakota v Opper-*

*man,* 428 US 364; 96 S Ct 3092; 49 L Ed 2d 1000 (1976), does not change that principle, at least as it applies in this case. The searches and seizures in this case were not conducted under warrant. They were, therefore, unreasonable unless shown to be otherwise.

The vial was not found in a search. It was in plain view of the officer when he was in a place where he had a right to be. The mere fact that an object is in plain view, however, does not automatically justify its seizure and additional searches and seizures of its contents.

"[T]he extension of the original justification is legitimate only where it is immediately apparent to the police that they have evidence before them; the 'plain view' doctrine may not be used to extend a general exploratory search from one object to another until something incriminating at last emerges." *Coolidge v New Hampshire,* 403 US 443, 466; 91 S Ct 2022, 2038; 29 L Ed 2d 564, 583 (1971). See *People v Harden,* 54 Mich App 353, 358; 220 NW2d 785 (1974).

What the arresting officer saw in this case was the top of what appeared to be a prescription bottle. He didn't know if the bottle contained anything and it certainly wasn't immediately apparent to him that he was viewing evidence or contraband. *Cf. People v Nelson Pitts,* 40 Mich App 567, 579; 199 NW2d 271 (1972). That the top of the vial was in plain view did not justify its seizure. The majority finds, however, that the officer had probable cause to believe that the automobile contained narcotics or evidence of intoxication and that the existence of probable cause justified seizure of the vial and subsequent searches and seizures of its contents.

The arresting officer knew that defendant had

been drinking and that he was in possession of marijuana. He knew that there was an object in the car that resembled a prescription bottle. He *suspected* that it contained further evidence or contraband. He took the bottle out and examined it. He saw that it was not evidence but *suspected* that it might be contraband. He took the bottle to the station, examined the pills and checked his pharmaceutics manual. He now entertained a reasonable belief that the pills were a controlled substance. The pills were then subjected to analysis. They were indeed of a controlled substance, tuinal. Thus, even if the various searches and seizures could be justified on the basis of probable cause, probable cause did not exist until after the original seizure of the contents of the bottle. Mere suspicion is not probable cause. The evidence against the defendant was illegally obtained. As such it is inadmissible against him in a criminal prosecution.

I would reverse the conviction.