PEOPLE v ROBINSON

1. APPEAL AND ERROR—SUPREME COURT—RECORD ON APPEAL—BRIEFS —AFFIDAVITS—COURT RULES.

Defendant's appellate counsel included in the materials submitted to the Michigan Supreme Court an affidavit the information in which had not undergone the test of cross-examination, its evidentiary worth is undemonstrated and no rule regarding submission of briefs in the Supreme Court provides for inclusion of such material; accordingly, the Supreme Court has treated the statement as if it were not part of the record being considered by that Court (GCR 1963, 813, 814, 854).

2. APPEAL AND ERROR—CRIMINAL LAW—SUPREME COURT—JURISDICTION—REMAND—COURT RULES—DISTRICT AND PROSECUTING ATTORNEYS—RES GESTAE WITNESSES—INDORSEMENT OF WITNESSES —TRIAL—HEARING—NEW TRIAL—FINDINGS.

The Supreme Court, in order to prevent what might possibly be a useless new trial, but also in order to avoid a possible miscarriage of justice, retains jurisdiction and remands to the trial court pursuant to a court rule and it shall be the obligation of the judge to require the prosecutor to produce or explain why he cannot produce a possible res gestae witness at such hearing and why he was not indorsed and produced at the trial, if the witness is produced, he shall be examined regarding his knowledge of the crime of which the defendant was convicted; at the conclusion of the remand hearing, the trial judge shall take such action as he deems required and if a new trial is not ordered, the judge shall state his findings and the transcript of that hearing and the judge's statements shall be forwarded to the Supreme Court (GCR 1963, 865.1[5]).

3. APPEAL AND ERROR—CRIMINAL LAW—NEW TRIAL—WITNESSES—INDORSEMENT OF WITNESSES—PRODUCTION—TRIAL—DISTRICT AND PROSECUTING ATTORNEYS—HEARING.

A defendant, in appeals filed after the opinion in the present case

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 736.
[2, 3] 29 Am Jur 2d, Evidence § 180.
   58 Am Jur 2d, New Trial §§ 40, 159.

is published, desiring reversal or a new trial because of a failure to produce an unindorsed or an indorsed witness shall, before filing his brief on appeal, move the trial court for a new trial; the prosecutor shall produce or explain why he cannot produce the witness or, as the case may be, why he did not indorse and produce him at the trial; if the witness is produced at the hearing, he shall be examined regarding his knowledge of the crime and, if a new trial be denied, the judge shall state his reasons.

Appeal from Court of Appeals, Division 1, Quinn, P. J., and McGregor and Bronson, JJ., affirming Recorder's Court of Detroit, Richard D. Dunn, J. Submitted October 2, 1973. (No. 2 October Term 1973, Docket No. 54,762.) Decided December 18, 1973.

Ronald G. Robinson was convicted of manslaughter. Defendant appealed to the Court of Appeals. The people's motion to affirm granted. Defendant appeals. Remanded to Recorder's Court of Detroit for an evidentiary hearing and jurisdiction retained.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*State Appellate Defender Office* (by *Judith K. Munger),* for defendant on appeal.

M. S. COLEMAN, J. Defendant is appealing his conviction for manslaughter. Defendant and Howard Wright became involved in an argument concerning use of a barroom pool table. Defendant left the bar. When Mr. Wright left, the two met at the door and Mr. Wright was fatally stabbed.

At trial, defendant claimed he acted in self-de-

fense. He testified that Mr. Wright attacked him
with a beer bottle. The other defense witness, who
was standing across the street, said the door
opened and he saw a hand with a bottle in it.
Those witnesses testifying for the prosecution did
not agree with these versions, nor did the jury.

The Court of Appeals granted the prosecution's
motion to affirm on September 29, 1972. Leave to
appeal was granted July 26, 1973.

There is but one issue. Is defendant denied a fair
trial when the prosecutor fails to indorse on the
information the name of a possible res gestae
witness who was, or should have been, known to
him prior to trial and when he fails to produce
such witness at trial?

Defendant says that the duty of the prosecutor
to indorse and produce all res gestae witnesses is
an essential ingredient of a fair trial. Although no
objection was raised during trial, failure of the
prosecutor to act is said to demand reversal.

The people reply by claiming that the record
does not show that the prosecution knew of the
unindorsed witness before trial. Even if they had,
any testimony in addition to that presented at
trial would have been cumulative. The people also
remind us that defendant's trial counsel did not
seek an adjournment or move that the witness be
indorsed or even mention his existence.

Of the approximately three dozen individuals
named in the information, at the preliminary
exam or during trial, only one was not accounted
for at trial.[1] It is the unexplained omission of this

[1] Defendant's appellate counsel has included in the materials sub-
mitted to this Court an affidavit by an employee of the bar. Such
information has not undergone the test of cross-examination. Its
evidentiary worth is undemonstrated. No rule regarding submission
of briefs in this Court (GCR 1963, 854, 813, 814) provides for inclusion
of such material. Accordingly, we have treated the statement as if it

individual's name from the information and his nonproduction at trial that is the basis of defendant's claim in this Court.

The first witness at the preliminary examination was David Brown, Howard Wright's brother-in-law. During cross-examination by defendant's counsel, the following exchange occurred:

"*Q.* All right. Now, going through that front door was Mr. Wright, is that right?

"*A.* Yes.

"*Q.* And who was right behind him?

"*A.* A guy named Eugene Smith.

"*Q.* James Smith, did you say?

"*A.* Not James, no; Eugene Smith.

"*Q.* All right. Now, did you tell this officer, or any of these other fine gentlemen sitting here at the table, that Eugene Smith was there?

"*A.* Yes.

\*    \*    \*

"*Q.* All right. And who went out the door first?

"*A.* Howard went out first.

"*Q.* Howard went out first, and who was second?

"*A.* A guy named Eugene Smith.

"*Q.* A guy named Eugene Smith?

"*A.* Yes.

"*Q.* And you are next, is that right?

"*A.* Yes, I was next."

were not part of the record being considered by this Court. *See People v Taylor,* 383 Mich 338; 175 NW2d 715 (1970), in which this Court said:

"The affidavit of Jack Havens, attached to defendant's brief in the Court of Appeals, was made on April 10, 1966, and subscribed on May 13, 1966. It was not in existence on the date of the hearing on the motion for new trial, and if it was ever brought to the attention of the trial judge before his ruling on May 24, 1966, the record does not show it. Obviously, the record on appeal may not be enlarged *ex parte* by affidavits filed for the first time in the appellate court brief, and the affidavit by Havens should have been stricken from the brief." (p 362.)

Mr. Brown repeated the substance of this testimony at trial. The prosecutor conducting the examination did not try this case. Defendant's counsel was the same at both proceedings.

During the trial, defendant's attorney on two occasions affirmatively waived the presence of certain witnesses. Three were unable to be brought into court despite the prosecution's diligent efforts. One witness was deceased. The doctor who pronounced Howard Wright's death and two police officers stationed at the hospital were waived. Two other patrolmen were waived as their testimony would have been cumulative. At no time was the presence of Eugene Smith formally waived or excused. At no time did defendant's counsel seek to have Eugene Smith indorsed or produced.

The controlling statute is MCLA 767.40; MSA 28.980:

"All informations shall be filed in the court having jurisdiction of the offense specified therein, after the proper return is filed by the examining magistrate, by the prosecuting attorney of the county as informant; he shall indorse thereon the names of the witnesses known to him at the time of filing the same. The information shall be subscribed by the prosecuting attorney or in his name by an assistant prosecuting attorney. Names of additional witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine."

In order to prevent what might possibly be a useless new trial, but also in order to avoid a possible miscarriage of justice, we retain jurisdiction and remand to the trial court pursuant to GCR 1963, 865.1(5). It shall be the obligation of the judge to require the prosecutor to produce or explain why he cannot produce Eugene Smith at such hearing and why he was not indorsed and

produced at the trial. If Eugene Smith is produced he shall be examined regarding his knowledge of the crime of which the defendant was convicted.

At the conclusion of the remand hearing, the trial judge shall take such action as he deems required. If a new trial is not ordered, the trial judge shall state his findings and the transcript of that hearing and the judge's statements shall be forwarded to this Court. Defendant may file a supplemental brief within 30 days and the people within 20 days after receipt of the defendant's brief.

We have remanded for an evidentiary hearing in this case. In appeals filed after this opinion is published, a defendant desiring reversal or a new trial because of a failure to produce an unindorsed or an indorsed witness shall, before filing his brief on appeal, move the trial court for a new trial. The prosecutor shall produce or explain why he cannot produce the witness or, as the case may be, why he did not indorse and produce him at the trial. If the witness is produced at the hearing, he shall be examined regarding his knowledge of the crime. If a new trial be denied, the judge shall state his reasons.

The final disposition of this cause is held in abeyance. If the trial judge finds that a new trial is required, this Court will enter an order consistent with that determination. If not, the transcript, findings of the trial court and the supplemental briefs of the parties will be considered by this Court and a final disposition of the entire matter thereafter will be made.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, WILLIAMS, and LEVIN, JJ., concurred with M. S. COLEMAN, J.