PEOPLE v JONES

1. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO REMAIN SILENT—
   PROSECUTOR'S COMMENTS.
   A prosecutor's remarks during the closing arguments that certain
   evidence was uncontradicted was permissible and did not affect
   defendant's right to remain silent.

2. CRIMINAL LAW—APPEAL AND ERROR—NEW TRIAL—WITNESSES—IN-
   DORSEMENT OF WITNESSES—DISTRICT AND PROSECUTING ATTOR-
   NEYS.
   An issue of whether a prosecutor committed reversible error by
   failing to indorse and produce an alleged res gestae witness was
   not preserved for appellate review where the defendant failed
   to make a motion for a new trial.

3. CRIMINAL LAW—DISTRICT AND PROSECUTING ATTORNEYS—RES GES-
   TAE WITNESSES—OBJECTION—MISTRIAL—PRESERVING ISSUE.
   The requirements for challenging a prosecutor's failure to pro-
   duce a res gestae witness, whether indorsed or unindorsed, are
   satisfied when the defendant objects at trial to the prosecutor's
   failure to produce a res gestae witness and evidence is taken on
   that question; also a motion for mistrial at the close of the
   prosecutor's proofs, when an evidentiary hearing is held, pre-
   serves this issue for appeal.

4. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—DUE DILI-
   GENCE—SUBPOENA.
   A prosecutor exercised due diligence in attempting to locate two
   missing indorsed res gestae witnesses where the police went to
   the apartment where the two witnesses lived but were unable
   to find anyone at home, one of the witnesses appeared at the
   police station the next day and gave her new address, the
   occupants of the new address knew nothing of these witnesses,
   the postal authorities were contacted, a subpoena was issued
   and returned unserved, the police returned to the old address
   two or three times, and, prior to trial, other units of the police

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 638 *et seq.*
[2-5] 29 Am Jur 2d, Evidence §§ 708, 713.

department to whom the witnesses were known attempted to locate them without success.

5. CRIMINAL LAW—RES GESTAE WITNESSES—EVIDENCE—DISTRICT AND PROSECUTING ATTORNEYS.

A finding of due diligence on the part of a prosecutor in attempting to locate two missing indorsed res gestae witnesses was supported by the record where the evidence shows efforts at least as extensive as those found sufficient in other Court of Appeals cases and there was clear evidence that the witnesses in question were deliberately avoiding the police, indicating that more extensive efforts to obtain their presence at trial would be unproductive.

Appeal from Recorder's Court of Detroit, Joseph E. Maher, J. Submitted October 7, 1975, at Detroit. (Docket No. 20003.) Decided November 14, 1975.

Sidney Jones was convicted of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Barry J. Siegel,* Assistant Prosecuting Attorney, for the people.

*Robert L. Ziolkowski,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and BRONSON and T. M. BURNS, JJ.

PER CURIAM. Defendant was found guilty by a jury of felonious assault, contrary to MCLA 750.82; MSA 28.277. He was sentenced to a term of from 32 months to 4 years in prison, and appeals by right.

Defendant contends for the first time on appeal that the prosecutor's remarks during the closing arguments impermissibly infringed upon defend-

ant's right to refuse to testify. The prosecutor merely stated that certain evidence was uncontradicted. Such a statement was permissible and did not affect defendant's right to remain silent. *People v Balog,* 56 Mich App 624, 629; 224 NW2d 725 (1974), *People v Sullivan,* 290 Mich 414; 287 NW 567 (1939), *People v Hammond,* 132 Mich 422; 93 NW 1084 (1903).

Defendant also argues that the prosecutor committed reversible error by failing to indorse and produce an alleged res gestae witness. That issue is not preserved for review here, as defendant failed to make a motion for a new trial. *People v Robinson,* 390 Mich 629, 634; 213 NW2d 106 (1973), *People v Lovett,* 63 Mich App 656; 234 NW2d 749 (1975).

Finally, defendant claims that the trial judge committed reversible error by excusing the prosecutor's failure to produce two indorsed res gestae witnesses. Although defendant made no motion for a new trial, we find this issue to be preserved for appeal. *People v Robinson, supra,* speaks broadly of the necessity for a new trial motion when challenging the prosecutor's failure to produce a res gestae witness, whether indorsed or unindorsed. Yet *Robinson* involved a case where no mention of this issue was made at trial. We hold that the *Robinson* requirements are satisfied when the defendant, as here, objects at trial to the prosecutor's failure to produce a res gestae witness, and evidence is taken on that question. That result is in keeping with the holding of another panel of this Court in *People v Lovett, supra,* that a motion for mistrial at the close of the prosecution's proofs, when an evidentiary hearing is held, preserves this issue for appeal.

The trial judge ruled that the prosecutor had

exercised due diligence in an attempt to locate the two missing witnesses. We agree. The record shows that the day following the alleged assault upon the complaining witness in his apartment, the police went to the apartment down the hall where the two witnesses lived. The police were unable to find anyone at home, and they left a card for the witnesses to contact the police.

One of the two witnesses appeared at the police station the next day, and talked to the police officer in charge of the investigation. That witness told him that she was moving, and gave him her new address. However, when the police attempted to contact the witnesses at a later date prior to trial, the occupants at the new address knew nothing of these witnesses. The postal authorities were contacted, but they had no listing of the new address as a forwarding address. A subpoena was issued and returned unserved at some time during this period prior to trial.

The police returned to the old address two or three times, and finally found a Robert Harris at home. Harris stated that he knew the two witnesses, but that they had moved from that address. The manager of the apartment building could not be immediately located. Prior to trial, other units of the police department to whom the witnesses were known attempted to locate them without success. Police files and identifications were checked, and the witnesses were not found to be in police custody. Additionally, two officers who knew these two persons by sight checked various places which they were known to frequent.

On the first day of trial, the manager was finally found. He stated that the witnesses had actually moved only a few days before. Another neighbor who lived in the building and who had witnessed

the assault told the police on the second day of the trial that the witnesses had returned the night before to pick up some things left behind. She explained that the witnesses were avoiding the police because they didn't want to get involved in this whole episode. The codefendant being tried with Jones verified that fact. He stated that he had asked the two witnesses to appear, but that they had refused.

We hold that the finding of due diligence by the trial judge is supported by the record. The evidence shows efforts at least as extensive as those in *People v Yarborough,* 61 Mich App 303; 232 NW2d 394 (1975), and *People v Riley,* 33 Mich App 721; 190 NW2d 569 (1971). In addition, there was clear evidence that the witnesses in question were deliberately avoiding the police, indicating that more extensive efforts to obtain their presence at trial would be unproductive. The trial court properly excused the prosecutor's failure to produce these two indorsed res gestae witnesses at trial.

Affirmed.