PEOPLE v McCLOUD

Opinion of the Court

1. Criminal Law—Defenses—Alibi—Instructions to Jury—Appeal and Error—Burden of Proof.

   It is reversible error to denigrate an alibi defense as easily asserted and hard to disprove or to suggest that it is the burden of the defendant to establish the defense.

2. Criminal Law—New Trial—Motions—Res Gestae Witnesses—Failure to Produce—Record.

   A hearing must be held when a defendant moves for a new trial on the issue of nonproduction of a res gestae witness by the prosecution, and if a new trial is denied, the judge shall state his reasons on the record.

Dissent by Beasley, J.

3. Criminal Law—Defenses—Alibi—Hard to Disprove—Instructions to Jury—Evidence of Alibi—Harmless Error.

   *An instruction to a jury that an alibi defense is "hard to disprove" is improper, but the error is harmless where no alibi testimony was heard at trial and the defendant was therefore not entitled to any alibi instruction.*

4. Witnesses—Criminal Law—Res Gestae Witnesses—Prosecutors—Due diligence.

   *A prosecutor exercised due diligence in attempting to procure the testimony of res gestae witnesses to a crime where the record reveals that the information regarding the res gestae witnesses was in the possession and control of the defense and that the prosecutor encountered extreme difficulty in ascertaining the identity and securing the presence of those witnesses, and*

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law §§ 136, 137.
  75 Am Jur 2d, Trial §§ 729–737.
[2, 4] 29 Am Jur 2d, Evidence § 708 *et seq.*
[3] 75 Am Jur 2d, Trial § 736.

*where, without exception, the res gestae witnesses who were
called, including the victims, were totally reluctant to testify.*

Appeal from Recorder's Court of Detroit, Geral-
dine Bledsoe Ford, J. Submitted March 9, 1977, at
Detroit. (Docket No. 29360.) Decided May 17, 1977.
Leave to appeal applied for.

Ellis McCloud was convicted of assault with
intent to commit murder. Defendant appeals. Re-
versed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Principal
Attorney, Appeals, and *Andrea L. Solak,* Assistant
Prosecuting Attorney, for the people.

*Robert E. Slameka,* for defendant.

Before: M. F. CAVANAGH, P. J., and R. B. BURNS
and BEASLEY, JJ.

R. B. BURNS, J. Defendant was convicted by a
jury of assault with intent to commit murder.
MCLA 750.83; MSA 28.278. He appeals.

It was claimed that the defendant attacked the
complainant, without provocation, with something
that appeared to be a knife during a party. The
defendant admitted being at the party, but
claimed alibi in that he was in a different room at
the time of the attack.

The jury was instructed regarding the defend-
ant's theory as follows:

"Now, the defendant in this case has offered, among
others, the defense of alibi. And that defense means
that the defendant was at another place at the time of
the commission of the crime and so could not have
committed it. And you will recall he said he was in

another room. The defense of alibi is a proper legal defense. And you should consider all of the evidence bearing on that point carefully and examine it carefully. It is not the duty, of course, of the defendant to establish his defense of alibi to your satisfaction beyond a reasonable doubt. If you have any reasonable doubt as to whether the defendant was at the place where the offense was committed at the time it was committed, you should give the defendant the benefit of that doubt and find him not guilty. Because the duty of the People always remains to prove to your satisfaction beyond a reasonable doubt that the defendant did in fact commit one of the unlawful offenses here charged."

Before the jury retired to deliberate, the trial court added:

"There is just a small additional instruction I would like to give to you regarding the defense of alibi. And that is you are to scrutinize any evidence in relation to alibi carefully. Because an alibi is easy to assert and hard to disprove. So, you should be careful and cautious in examining the evidence with regard to alibi. And you will remember the balance of my instruction with regard to the alibi defense."

While this language is not identical to that prohibited by *People v McCoy,* 392 Mich 231; 220 NW2d 456 (1974), it is substantially similar and conveys the same idea. Therefore, this Court must take the same approach as that in *People v Eaton,* 68 Mich App 740; 243 NW2d 723 (1976). We regretfully have no alternative but to reverse.

In addition, we would like to take this opportunity to point out that the requirements of *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973), are mandatory. That case holds that when the issue of nonproduction of a res gestae witness is raised in a motion for a new trial, a hearing shall be held.

Furthermore, if a new trial be denied, the judge shall state his reasons.

Reversed and remanded.

M. F. CAVANAGH, P. J., concurred.

BEASLEY, J. *(dissenting)*. After careful review of the trial record, I respectfully dissent.

In this case, defendant filed a written notice of alibi in advance of trial.[1] Three of the four alibi witnesses were called by the prosecution. The fourth, Larry McCloud, a relative of defendant, was not called by either side as a witness. The alibi witnesses testified, in general, as follows.

Quentin Springs was brought into court as a witness by way of a body attachment executed upon an allegation that he was a defaulting witness. He testified that on the night in question the basement consisted of a gambling room and a dancing room, that he saw the victim rolled up in a ball in the dancing room on the floor hollering, but that he did not see who stabbed him. On cross-examination by counsel for defendant, Springs said he "figured" defendant stabbed the victim.

Ronald Davidson testified he heard the victim hollering and saw him bleeding with the defendant standing over him. He said that he saw defendant earlier with something in his hand that "might" have been a knife and that later outside the house

---

[1] The notice of alibi provided as follows:

"Now comes the Defendant * * * and files this Notice of Alibi in the above entitled action. Defendant contends and will attempt to prove at trial that he was no where near the victim of the stabbing, Johnnie Moore, and that he, in fact, was in another part of the premises in which he was involved in a dice game. Following are a list of those who can and will verify Defendant's contention:

(1) Quentin Springs, 4797 Belevedere, Detroit
(2) Ronald Davidson, 18671 Sunset, Detroit
(3) Larry McCloud, 19162 Binder, Detroit
(4) Arnold Snell, 19174 Binder, Detroit."

people pointed at defendant as the person who did the stabbing. When they did, defendant ran and the police pursued him and caught him.

Counsel for defendant both cross-examined Davidson and called him as a witness for the defense, but at no time was he able to get Davidson to say defendant was in *another* room when the stabbing occurred. Davidson did say that he did not actually see *who* stabbed the victim.

The third alibi witness was Arnold Snell, who, although 13 at the time, was a co-host for the party.[2] Although Snell was also stabbed in the basement, he steadfastly testified that he did not see who stabbed either himself or Moore. On cross-examination by counsel for defendant, he testified that he heard the victim hollering and *then* went down to the basement.

Recital of the gist of this testimony is made to indicate that in this case there was absolutely no alibi testimony. In spite of this fact, the prosecution requested the trial judge to give the so-called Gillespie alibi instruction which has been thoroughly discredited in *People v McCoy,* 392 Mich 231; 220 NW2d 456 (1974).[3] Defendant made no

---

[2] The victim, Moore, was 17, defendant was 23, Springs was 22 and Davidson was 22.

[3] *See,* 2 Gillespie, Michigan Criminal Law and Procedure, § 906, p 1210 *et seq.* In this case, defendant requested the following instruction:

"The defendant in this case claims the defense of 'alibi' and that is in simple English that he was at another place at the time of commission of the crime charged. I instruct you that this type of defense is a proper one and is as legitimate as any other defense. You should consider all the evidence bearing on that point and carefully examine it and if, in view of the evidence, you have any reasonable doubt as to whether the defendant was at some other place at the time the crime was committed, you should give the defendant the benefit of the doubt and find him not guilty."

"But, Ladies and Gentlemen of the jury, you are to scrutinize any evidence in relation to it, because an alibi is easy to assert and hard to disprove. Therefore, you should be careful and cautious in examining the evidence in regard to it." *People v Erb,* 48 Mich App 622; 211

request for an alibi instruction, but ultimately
defendant indicated he had no objection to the
alibi instruction sought by the prosecution.

To complete the testimonial picture, the victim
testified he was "hit" (stabbed) three times in the
back, that when he turned defendant alone was a
few inches from him and that defendant then
struck (stabbed) him in the "right hand side" and
in the ear with a shiny object that appeared to be
a knife. The medical testimony corroborated four
wounds, two in the right side, one in the left and
one in the ear. Defendant testified and denied he
stabbed Moore.

In instructing the jury, the learned trial judge,
contrary to her initial inclination,[4] gave an in-
struction regarding alibi which defendant does not
claim to be erroneous.[5] But, apparently, in re-
sponse to a further request by the prosecution, the

NW2d 51 (1973), *People v McCoy,* 392 Mich 231; 220 NW2d 456
(1974).

[4] The trial judge initially said:
"That is not the evidence, though. And, if we even assume to charge
on the matter of alibi, it would be Mr. McCloud is the only witness to
it, but it just doesn't strike me as an alibi. Because as I understand
alibi—and perhaps I am putting too much emphasis on the time and
place—but he had ample opportunity—whether he did or didn't is
another thing—but he had ample opportunity. Who did you declare
your alibi witnesses to be? * * * I am saying, I am not convinced alibi
has been offered here."

[5] "Now the defendant in this case has offered, among others, the
defense of alibi. And that defense means that the defendant was at
another place at the time of the commission of the crime and so could
not have committed it. And you will recall he said he was in another
room. The defense of alibi is a proper legal defense and you should
consider all of the evidence bearing on that point carefully and
examine it carefully. It is not the duty, of course, of the defendant to
establish his defense of alibi to your satisfaction beyond a reasonable
doubt. If you have any reasonable doubt as to whether the defendant
was at the place where the offense was committed at the time it was
committed, you should give the defendant the benefit of that doubt
and find him not guilty. Because the duty of the people always
remains to prove to your satisfaction beyond a reasonable doubt that
the defendant did, in fact, commit one of the unlawful offenses here
charged."

trial judge gave a supplemental instruction regarding alibi.[6] Regardless of whether or not one believes the *McCoy* rule is good and desirable law, the use of the words "hard to disprove" in the supplemental instruction seems to fall within the precluded language.

But, I do not believe that is the issue here. No alibi testimony was offered. It is error to instruct regarding alibi when there is no alibi testimony.

Thus, while it should not have been given, the instruction regarding alibi, both in the principal charge and in the supplemental charge, was meaningless and harmless. There simply was no alibi testimony for the jury to evaluate and weigh in terms of an alibi instruction. The *McCoy* rule is inapplicable in the absence of alibi testimony. This instruction, while erroneous for the reasons indicated, was not so misleading as to require reversal. If it was misleading, it misled to the advantage of defendant.

On appeal, defendant also claims that many, if not all, of the people in the basement, or at least in the dancing room, were res gestae witnesses. Any reading of this transcript indicates the extreme difficulty encountered by the prosecution in ascertaining the identity and securing the presence of the 30 or more potential res gestae witnesses in the basement where the stabbing took place. Without exception, the witnesses who testified, including the stabbing victims, were totally reluctant to testify. It would be speculation to discuss the reasons for this reluctance. However,

---

[6] "There is just a small additional instruction I would like to give to you regarding the defense of alibi. And that is you are to scrutinize any evidence in relation to alibi carefully. Because an alibi is easy to assert and hard to disprove. So, you should be careful and cautious in examining the evidence with regard to alibi. And you will remember the balance of my instruction with regard to the alibi defense."

the visit of the victim to the prosecutor, accompanied by members of the defendant's family to discuss the possibility of "dropping" the charges, is an indication of the atmosphere in which the police sought to discharge their responsibility to produce the res gestae witnesses. On this record, I would conclude that the information regarding the res gestae witness was in the possession and control of the defense. The record does not indicate any request by the defense to add the names of res gestae witnesses. I would find that, under the circumstances of this case, the prosecution exercised due diligence. *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973), does not apply in this case, where the police officer testified in detail regarding his efforts.

The other claims of error are not supported by the record.

I would vote to affirm the jury's conviction.