PEOPLE v ALLEN

WITNESSES—CRIMINAL LAW—FAILURE TO PRODUCE—MOTIONS—NEW
TRIAL—APPEAL AND ERROR.

A motion in the trial court for new trial is a mandatory prerequisite to an appellate claim by a defendant in a criminal action that the prosecution failed reversibly to produce a res gestae witness, even where the defendant has made a motion for production of the witness at trial and the trial judge then made a ruling on the sufficiency of the efforts made by the prosecutor to identify or produce the witness.

Appeal from Genesee, John W. Baker, J. Submitted June 23, 1977, at Lansing. (Docket No. 28909.) Decided July 7, 1977.

Lamont Allen was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Michael W. Krellwitz,* for defendant.

Before: D. F. WALSH, P. J., and QUINN and H. D. STAIR,* JJ.

D. F. WALSH, P. J. Defendant was charged with armed robbery. MCLA 750.529; MSA 28.797. He

REFERENCE FOR POINTS IN HEADNOTE
81 Am Jur 2d, Witnesses § 2.
* Circuit judge, sitting on the Court of Appeals by assignment.

was tried by jury and convicted. He appeals, assigning as reversible error the trial court's denial of his motion to require the prosecutor to produce certain res gestae witnesses. No motion for new trial was filed in the trial court prior to the filing of defendant's brief on appeal.

In *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973), the Supreme Court made the filing of a motion for new trial a mandatory prerequisite to the raising of the failure to produce issue on appeal.

"In appeals filed after this opinion is published, a defendant desiring reversal or a new trial because of a failure to produce an unindorsed or an indorsed witness *shall,* before filing his brief on appeal, move the trial court for a new trial." (Emphasis added.) *People v Robinson, supra,* at 634.

Defendant argues that since he made a motion for production of the missing witnesses at trial and the trial judge made a ruling on the sufficiency of the efforts made by the prosecutor to identify and/ or produce the witness, the requirements of *Robinson* have been satisfied. We disagree.

The purpose of the *Robinson* rule is to prevent the ordering of what may be "useless" new trials. *People v Robinson, supra,* at 633. Specific directives relating to the conduct of the hearing on the motion for new trial were embodied in the rule to insure the desired result.[1]

First, the prosecutor is required to produce the

---

[1] In indicating what should be accomplished at the hearing on the motion for new trial, the court stated: "The prosecutor shall produce or explain why he cannot produce the witness or, as the case may be, why he did not indorse and produce him at the trial. If the witness is produced at the hearing, he shall be examined regarding his knowledge of the crime. If a new trial be denied, the judge shall state his reasons." *People v Robinson,* 390 Mich 629, 634; 213 NW2d 106 (1973).

witness and the witness must be examined regarding his knowledge of the crime. From this the court can determine whether any prejudice resulted to the defendant from the fact that the testimony of the witness was not presented at trial. It may be that the testimony would be totally corroborative of the prosecution's theory of the case; or it may be that the testimony would be merely cumulative; or it may be that the witness is unable to testify as to any facts which are in any way probative of the guilt or innocence of the accused. In such a case, a new trial would not be required even if it could be shown that the prosecutor had failed to exercise due diligence in his efforts to produce the witness at trial.

Second, if the prosecutor is unable to produce the witness, he must explain why he cannot do so. From this the court can determine whether the witness could be produced at a new trial if one were ordered. It would certainly be an exercise in futility to order a new trial if the missing witness could not be produced.

It is only when the procedure directed in *Robinson* has been followed, therefore, that the appellate court will have a proper record to review and a reasonable basis from which to determine whether a new trial is required to assure that all testimony which may be favorable to the defendant and which can be produced is presented to the trier of fact. When this procedure is not followed, the appellate court cannot properly perform its reviewing function, even in cases like this one where the failure to produce issue was raised at trial and the court has ruled on the sufficiency of the efforts of the prosecutor to identify and/or produce the missing witness. See, *People v Ebejer,* 66 Mich App 333, 344; 239 NW2d 604 (1976). Even

if we were to agree with the defendant in this case (which we are not inclined to do) and order a new trial because of the prosecutor's failure to exercise due diligence in his efforts to identify and produce certain res gestae witnesses, we would have no way of knowing from the record before us whether the missing witnesses could be produced or whether their testimony, if they were produced, would be in any way favorable to the defendant. Thus, we may well have ordered the "useless" new trial which the *Robinson* rule seeks to prevent.

We conclude, therefore, that the rule of *People v Robinson, supra,* precludes us from considering a failure to produce issue unless a hearing has been conducted in the trial court in accordance with the directives of *Robinson.* We are aware of certain decisions by other panels of this court in which a contrary conclusion is reached.[2] Insofar as those decisions are inconsistent with our holding here, we decline to follow them. The defendant's conviction is affirmed.

---

[2] *People v Schwartz,* 62 Mich App 188, 193–194; 233 NW2d 517 (1975), *People v Wynn,* 60 Mich App 636, 640–641; 231 NW2d 269 (1975), *People v Jones,* 65 Mich App 619; 237 NW2d 584 (1975).