PEOPLE v NISWONGER

Docket No. 77-1402. Submitted June 8, 1978, at Grand Rapids.—
Decided November 7, 1978.

Bruce C. Niswonger was convicted of delivery of a controlled
substance, Kent Circuit Court, Stuart Hoffius, J. Defendant
appeals, alleging that the trial court erred in ruling that the
prosecutor exercised due diligence in attempting to secure the
presence of a res gestae witness and allowing admission into
evidence of the witness's preliminary examination testimony.
*Held:*

Appellate review of this issue is precluded because of the
defendant's failure to raise the issue in his motion for a new
trial.

Affirmed.

APPEAL AND ERROR—CRIMINAL LAW—WITNESSES—EVIDENCE—MOTION
FOR NEW TRIAL.

Appellate review of a defendant's allegation of trial court error in
admitting into evidence the preliminary examination testimony
of a res gestae witness who was found to be unavailable for the
trial and where production by the prosecutor was excused by
the trial court is precluded where the defendant failed to raise
the issue in his motion for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Assistant Prosecuting Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: DANHOF, C.J., and V. J. BRENNAN and R. H. CAMPBELL,* JJ.

REFERENCES FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 556.
58 Am Jur 2d, New Trial §§ 194-196.
* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant was convicted by a jury of unlawful delivery of a Schedule 3 controlled substance, contrary to MCL 335.341(1)(b); MSA 18.1070(41)(1)(b). Defendant was sentenced to a term of 90 days in the county jail and appeals as of right. On appeal, defendant claims that the trial judge erred reversibly in finding that the prosecutor had exercised due diligence in attempting to secure the presence of a res gestae witness at trial and in allowing that witness's testimony from defendant's preliminary examination to be introduced at trial.

The alleged delivery took place at defendant's home while Ms. Malone, a police informer, was present. Malone testified at defendant's preliminary examination but did not appear at trial. At trial, the prosecutor made a motion to admit Malone's preliminary examination testimony into evidence under MCL 768.26; MSA 28.1049, because she was unavailable for trial. After an evidentiary hearing, the trial judge found that the prosecutor had exercised due diligence in attempting to locate and produce the witness. Therefore, he allowed the preliminary examination testimony to be admitted at trial. Malone's testimony seriously incriminated the defendant. After trial, defendant made a motion for a new trial but did not list the nonproduction of this witness or the use of the preliminary examination testimony as a reason for his motion for a new trial.

The prosecutor argues that appellate review is precluded because defendant did not list this reason in his motion for a new trial as required by *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973). Although the facts in this case are distinguishable from the facts in *Robinson, supra,* we think that the policies behind the rule are applica-

ble to this case. Therefore, we conclude that the rule announced in *Robinson, supra,* applies. The primary purpose of the *Robinson* rule is to prevent the ordering of what may be "useless" new trials, *Robinson, supra,* at 633, *People v Allen,* 76 Mich App 585; 257 NW2d 263 (1977). At the hearing on the motion for a new trial, the prosecutor must either produce the witness or explain why he cannot produce her. If the witness is produced, the trial court can determine whether her testimony is cumulative and if it is cumulative, a new trial would not be required. If the witness cannot be produced even though the prosecutor exercised due diligence in attempting to locate and produce her, a new trial would not be required. The hearing on the motion for a new trial gives the trial judge an opportunity to resolve these issues and the issue of whether the prosecutor exercised due diligence in attempting to produce the witness for trial, and thereby possibly avoiding the ordering of what may be a useless new trial. The resolution of these issues at a hearing on a motion for a new trial would serve the same function in this case.

The first difference between *Robinson, supra,* and this case is that in this case, an evidentiary hearing was held at trial on the issue of the prosecutor's due diligence. While this hearing gives the trial judge an opportunity at trial to evaluate the prosecutor's efforts and does provide a record from which an appellate court could review those findings, the hearing does not fulfill all the purposes of a *Robinson* hearing, see *Allen, supra,* and cases cited therein. The hearing in this case did not give the trial judge an opportunity to consider any post-trial changes that may have possibly made the ordering of a new trial "useless", see *Allen, supra.*

The other difference between this case and *Robinson, supra,* is that in this case the unproduced witness's testimony from the defendant's preliminary examination was introduced into evidence. Since this testimony was introduced at trial, it made available a record which permitted review of the determination of whether the witness's testimony was cumulative. Therefore, at first glance, it appears that another function of the *Robinson* hearing was also satisfied in this case.

However, the gravamen of defendant's argument on appeal is not that the jury was denied the benefit of this witness's testimony but rather that the jury was denied the opportunity to observe this witness's demeanor as she testified.[1] The witness's demeanor could have supported her testimony and been merely cumulative or it might have impeached her testimony. If the witness's demeanor was cumulative of her testimony, a new trial would not be required. If the witness was produced at the hearing on the motion for a new trial, this would give the trial court an opportunity to determine whether any prejudice resulted to defendant from the fact that this witness's preliminary examination testimony was introduced into evidence without her being present in court. The resolution of this issue may prevent the ordering of a possibly "useless" new trial.

Therefore, even though the factual setting in this case is different from *Robinson, supra,* the determinative issue of whether the prosecutor

---

[1] The importance of having the testifying witness present in court while testifying so that the jury can observe her demeanor is well recognized. It is a part of defendant's constitutional right of confrontation, US Const, Am VI; Const 1963, art 1, § 20, *Barber v Page,* 390 US 719; 88 S Ct 1318; 20 L Ed 2d 255 (1968). We recognize the constitutional aspects of defendant's claim on appeal but conclude that the rule announced in *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973), applies in this case.

could produce this witness by exercising due diligence is the same in both cases. The policy behind the *Robinson* rule is equally applicable to this case. Therefore, we conclude that the rule announced in *Robinson, supra,* applies in this case.

Affirmed.