## PEOPLE v BIONDO

Docket No. 77-3767. Submitted November 14, 1978, at Detroit.—De-
cided March 19, 1979.

Defendant, Salvatore Biondo, was convicted of receiving stolen
property over the value of $100 in Recorder's Court of Detroit,
Thomas L. Poindexter, J. Defendant appeals. *Held:*

1. A post-trial hearing concerning the nonproduction of a res
gestae witness in a criminal trial would be superfluous and is
not required prior to an appeal where the trial judge has ruled
that the missing witness is not a res gestae witness or that the
prosecution was sufficiently diligent in its efforts to produce.

2. It is the obligation of the prosecution, when an indorsed
res gestae witness is outside the state and the prosecution
knows what court of record, if any, in the involved state has
jurisdiction to compel attendance, to present to a judge of that
court process comporting in form and substance with the
requirements of the Uniform Act to Secure Attendance of
Witnesses from Without a State in Criminal Proceedings; fail-
ure to do so precludes a finding that the prosecution acted with
due diligence in attempting to produce the witness.

3. A criminal defendant is presumed to have been prejudiced
by the prosecution's lack of due diligence in efforts to produce
an indorsed res gestae witness but that presumption can be
overcome by the prosecution by establishing that the missing
testimony would have been of no assistance to the defendant,
that it merely constituted cumulative evidence, that its absence
constituted harmless error or that the witness could not have
been produced at trial.

Remanded for further proceedings.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 227.
[2] 81 Am Jur 2d, Witnesses §§ 2, 8.
    Uniform Act to secure attendance of witnesses from without a state
    in criminal proceedings. 44 ALR2d 732.
[3] 58 Am Jur 2d, New Trial §§ 40, 41.
[4] 29 Am Jur 2d, Evidence § 186.

1. WITNESSES — CRIMINAL LAW — RES GESTAE WITNESSES — PRODUC-
TION — EVIDENTIARY HEARING.

> A post-trial hearing concerning the nonproduction of a res gestae witness in a criminal trial would be superfluous and is not required prior to an appeal where the trial judge has ruled that the missing witness is not a res gestae witness or that the prosecution was sufficiently diligent in its efforts to produce.

2. WITNESSES — CRIMINAL LAW — ABSENTEE WITNESSES — UNIFORM
STATUTE — PROSECUTOR'S DUTY.

> It is the obligation of the prosecution, when an indorsed res gestae witness is outside the state and the prosecution knows what court of record, if any, in the involved state has jurisdiction to compel attendance, to present to a judge of that court process comporting in form and substance with the requirements of the Uniform Act to Secure Attendance of Witnesses from Without a State in Criminal Proceedings; failure to do so precludes a finding that the prosecution acted with due diligence in attempting to produce the witness (MCL 767.91 *et seq.;* MSA 28.1023[191] *et seq.).*

3. WITNESSES — CRIMINAL LAW — RES GESTAE WITNESSES — PRODUC-
TION — DUE DILIGENCE — NEW TRIAL.

> A new trial is not automatically warranted simply because the prosecution has failed to exercise due diligence in the production of a missing res gestae witness; the key issue in determining the proper remedy for the defendant where the prosecution has failed to fulfill its responsibilities is whether the defendant is prejudiced.

4. WITNESSES — CRIMINAL LAW — RES GESTAE WITNESSES — PRODUC-
TION — PREJUDICE — REBUTTABLE PRESUMPTION.

> A criminal defendant is presumed to have been prejudiced by the prosecution's lack of due diligence in efforts to produce an indorsed res gestae witness but that presumption can be overcome by the prosecution by establishing that the missing testimony would have been of no assistance to the defendant, that it merely constituted cumulative evidence, that its absence constituted harmless error or that the witness could not have been produced at trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

cipal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

*Pitts, Mann & Patrick, P.C.,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN and BASHARA, JJ.

V. J. BRENNAN, J. The defendant, Salvatore Stephen Biondo, was convicted of receiving stolen property (a certain late model automobile) over the value of $100, MCL 750.535; MSA 28.803, by a Recorder's Court jury on June 23, 1977. Defendant was sentenced to one to five years in prison and appeals by right under GCR 1963, 806.1. Defendant raises three issues, only two of which merit discussion here.

Defendant first contends that there was insufficient evidence on the element of guilty knowledge to sustain his conviction.

We find the defendant's contention without merit. A review of the arresting officer's testimony shows that when the key to the car was taken from the defendant and placed in the ignition the switch operated; then when the officer attempted to pull the key out of the ignition the entire ignition switch was pulled out of the housing. Upon further inspection the officer noted that the housing was damaged. Given the fact that the tampered-with ignition switch was readily detectable, *People v Salata,* 79 Mich App 415, 423; 262 NW2d 844 (1977), we find sufficient evidence from which the jury could infer the element of guilty knowledge. See *People v Palmer,* 392 Mich 370, 375-376; 220 NW2d 393 (1974).

Defendant next contends that the trial court erred reversibly in finding that due diligence had

been exercised by the prosecution in attempting to secure the presence of an indorsed witness. The defendant had challenged the prosecution's failure to produce and a hearing was held on the issue. However, the defendant failed to move for a new trial based upon the nonproduction as set forth in *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973).

A split of authority had developed in this Court on the question of whether a hearing during trial on the prosecution's failure to produce an indorsed res gestae witness obviates the *Robinson* motion requirement. *Cf., People v Jones,* 65 Mich App 619; 237 NW2d 584 (1975), *People v Blacksmith,* 66 Mich App 216, 220; 238 NW2d 810 (1975), with *People v Niswonger,* 87 Mich App 57; 273 NW2d 586 (1978), *People v Allen,* 76 Mich App 585; 257 NW2d 263 (1977).

The Supreme Court in the recent case of *People v Willie Pearson,* 404 Mich 698, 715; 273 NW2d 856 (1979), specifically addressed this question and held:

"In cases where the trial court has ruled that a missing witness is not a res gestae witness or that the prosecution was sufficiently diligent in its efforts to produce * * * a *Robinson* hearing would be superfluous and is not required prior to an appeal."

In the present case since a hearing was held and due diligence was found, the issue is preserved for appeal even absent the post-trial *Robinson* motion.

Initially it must be pointed out that the witness's testimony would have been material to the defendant's claim that he lacked the requisite guilty knowledge. Defendant contended that he borrowed the car from the witness, that the witness had represented that he had just purchased

the car and was still using the dealer plate without need for the car registration. The witness's testimony most certainly would have shed light on the defendant's contention.

Upon review of the record it is found that the prosecutor on the day of trial knew that the missing indorsed witness was on probation to the court in Broward County, Florida. The prosecutor learned of the witness's whereabouts the day before the trial through a suggestion by defense counsel to employ a computer readout. A Detroit police officer testified that he attempted to subpoena the witness the week before trial but was told by the witness's mother and father that the witness went to Florida. The day before trial the officer obtained the witness's Florida address.

Although the prosecutor made every effort to locate the witness the week before trial, a finding of due diligence is precluded by the fact that the witness's address was found the day before trial and no further effort was made to produce. In addition this Court in *People v Gaffney,* 51 Mich App 526, 531; 215 NW2d 587 (1974), *lv den* 392 Mich 806 (1974), held that "where an indorsed res gestae witness is without this state and the prosecution knows what court of record, if any, in the involved state has jurisdiction to compel attendance" the prosecution's failure to employ the uniform act to secure attendance of witnesses, MCL 767.91, *et seq.;* MSA 28.1023(191), *et seq.,* precludes a finding of due diligence. Accordingly, the trial court's finding of due diligence was erroneous.

We next must determine the proper disposition of the case at bar. The Supreme Court in *People v Willie Pearson, supra,* p 724, stated:

"A new trial is not automatically warranted simply

because the prosecution has failed to exercise due diligence in the production of a missing res gestae witness. The key issue in determining the proper remedy for the defendant when the prosecution has failed to fulfill its responsibilities is whether the defendant is prejudiced."

The Court then prescribed a post-remand (from the Court of Appeals) hearing to determine whether the failure to exercise due diligence:

"* * * did not adversely affect the defendant's right to a fair trial (i.e., the defendant is presumed prejudiced until the contrary is established). 404 Mich 698, 725.

The Court set forth what the prosecution must establish in order to overcome the presumption of prejudice as follows:

"If the prosecution can establish that the missing testimony would have been of no assistance to the defendant, that it merely constitutes cumulative evidence, that its absence constitutes harmless error or that the witness could not have been produced at trial, then this burden has been met and the conviction should be affirmed." (Footnotes omitted.) 404 Mich 698, 725.

In accordance with *Pearson* we remand the cause to the trial court in order to give the prosecution the opportunity to rebut the presumption of prejudice as per the criteria set forth above. If the prosecution cannot rebut the presumption, the matter shall be remanded for a new trial.

We retain no further jurisdiction.