PEOPLE v FULTON

Docket No. 46373. Submitted June 2, 1981, at Lansing.—Decided October 19, 1981. Leave to appeal applied for.

Herman Fulton was convicted in a bench trial of armed robbery in Detroit Recorder's Court, Henry L. Heading, J. The defendant appealed alleging that the trial judge erred in failing to rule on the defendant's motion to require the production of a res gestae witness at trial. The Court of Appeals in an unpublished per curiam opinion remanded the case to the trial court for a hearing to determine whether the prosecution used due diligence in locating the missing res gestae witness and retained jurisdiction. On remand, the trial court held that the prosecution did not use due diligence in locating the res gestae witness but that the defendant was not prejudiced thereby. A new trial was not ordered, Henry L. Heading, J. Now *held:*

The decision of the trial court is affirmed since the issue of prejudice to the defendant is a factual one to be determined by the trial court. There is no reason on the record to substitute the judgment of the Court of Appeals for the judgment of the trial judge who gave the issue considerable thought.

Affirmed.

N. J. KAUFMAN, J., dissented. He believed that the trial court clearly erred in concluding that regardless of what the res gestae witness might have testified to, the judge would have found the defendant guilty. He believed that the prosecution did not satisfy its burden of showing a lack of prejudice and he would reverse the defendant's conviction.

OPINION OF THE COURT

1. NEW TRIAL — RES GESTAE WITNESSES — CRIMINAL LAW.

A criminal defendant seeking reversal of his conviction based upon the prosecution's failure to produce a res gestae witness should move for a new trial, and thereupon, the prosecutor is

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 58 Am Jur 2d, New Trial § 41.
  81 Am Jur 2d, Witnesses § 2.
[3] 29 Am Jur 2d, Evidence § 180.

required to produce or explain its failure to produce the res gestae witness, and if the trial judge denies the defendant a new trial, he should state his reasons for such denial on the record.

2. NEW TRIAL — RES GESTAE WITNESSES.

A trial court in a hearing on a motion for a new trial based on the failure of the prosecuting attorney to produce a res gestae witness should follow precise guidelines including the following: (1) the court shall ascertain whether the claimed missing person is a res gestae witness; (2) if so, the prosecutor shall produce the witness or explain why the witness cannot be produced and why the witness was not indorsed and produced at trial; (3) if the witness is not produced, the court shall determine whether the prosecution was duly diligent in its attempts to produce the witness; (4) if a lack of due diligence is found or if the witness is produced, the court shall ascertain whether the defendant has been prejudiced by the failure to produce the witness at trial; and (5) if the defendant is found to be prejudiced the court shall fashion an appropriate remedy.

DISSENT BY N. J. KAUFMAN, J.

3. WITNESSES — RES GESTAE WITNESSES — PRESUMPTION OF PREJU-
DICE.

*A defendant is presumed to have been prejudiced by the prosecution's lack of due diligence in producing a res gestae witness unless the prosecution overcomes the presumption; the burden of proof is on the prosecution to establish that the absence of the witness did not adversely affect the defendant's right to a fair trial and the question of prejudice to the defendant is a factual one to be determined by the trial court.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Susan J. Smith,* Assistant State Appellate Defender, for defendant on appeal.

Before: V. J. BRENNAN, P.J., and N. J. KAUFMAN and M. J. KELLY, JJ.

PER CURIAM. On June 12, 1979, defendant was convicted of armed robbery. He appealed to this Court claiming the trial judge erred when he failed to rule on defendant's motion to require the production of Thomas Ferguson, a res gestae witness. This Court retained jurisdiction and remanded the case for a *Robinson*[1] hearing which was held on April 13 and April 14, 1981. At the hearing, the trial judge found that the prosecution did not use due diligence in trying to find the res gestae witness. However, the trial judge did not order a new trial because he found that the defendant had not been prejudiced by the prosecution's failure to produce the witness. We now consider whether the trial court complied with the requirements of *Robinson, supra,* and *People v Pearson,* 404 Mich 698; 273 NW2d 856 (1979).

In *Robinson, supra,* 634, the Supreme Court required that a defendant, seeking reversal of his conviction based upon the prosecution's failure to produce a res gestae witness, move for a new trial. The Court also required that the prosecutor produce or explain its failure to produce the res gestae witness. *Id.,* 634. Finally, the Court required that the trial judge state his reasons for denying a new trial. In *Pearson, supra,* 722-723, 725, the Court established precise guidelines for a *Robinson* hearing when it wrote:

"The third type of case is the typical *Robinson* scenario. There, the issue of a possible missing res gestae witness is not raised during the course of trial. We would still require the issues to be raised in a *Robinson* hearing in order to perfect them for appeal. However, we would refine the procedure to require that the trial court reach all the issues necessary to dispose of the case. In summary, and consistent with our earlier analysis, the order of inquiry should be as follows:

---

[1] *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973).

"1. The court shall ascertain whether the claimed missing person is a res gestae witness;

"2. If so, the prosecutor shall produce the witness or explain why the witness cannot be produced and why the witness was not indorsed and produced at trial;

"3. If the witness is not produced, the court shall determine whether the prosecution was duly diligent in its attempts to produce the witness;

"4. If a lack of due diligence is found or if the witness is produced, the court shall ascertain whether the defendant has been prejudiced by the failure to produce the witness at trial;

"5. If the defendant is found to be prejudiced the court shall fashion an appropriate remedy.

\* \* \*

"At either a post-remand hearing or a *Robinson* hearing, we would have the trial court assess whether the defendant actually suffered any prejudice and fashion appropriate remedies. The burden should be on the prosecution to establish that its failure to exercise due diligence in the production of a res gestae witness did not adversely affect the defendant's right to a fair trial (*i.e.,* the defendant is presumed prejudiced until the contrary is established). If the prosecution can establish that the missing testimony would have been of no assistance to the defendant, that it merely constitutes cumulative evidence, that its absence constitutes harmless error or that the witness could not have been produced at trial, then this burden has been met and the conviction should be affirmed." (Footnotes omitted.)

In this case, the prosecution admits that Ferguson was a res gestae witness making it unnecessary for the trial judge to rule on the point. During the *Robinson* hearing, the prosecution failed to produce Ferguson claiming he could not be found. Pursuant to the procedure established in *Pearson, supra,* the judge ruled that the prosecution failed to use due diligence in its attempts to produce the witness. Following this ruling, the

court found that defendant was not prejudiced by the prosecutor's failure to produce Ferguson because the testimony at trial proved Fulton's guilt beyond a reasonable doubt. After reviewing the trial transcript, we agree. Defendant's conviction is affirmed.

If the question of prejudice is the factual one to be determined by the trial court as acknowledged by the dissent, we find no reason in this record to substitute our judgment for the judgment of the trial judge who, in his own words, "thought about it a long time". He further stated:

"We don't know what that witness would have testified to and I confess to that, I don't know what the witness would have said, but as the prosecutor pointed out, if he had said Mr. Fulton wasn't even there, I feel that under the facts and circumstances, I would have convicted him anyway, or if he said Mr. Fulton was there, but he did not participate, I still feel that I would have convicted Mr. Fulton on the testimony that was produced by the prosecution."

We find nothing in this record to undermine the finding of the trial judge. If speculation were to be indulged as an offset against the trial court's findings, then of course almost anything is conceivable. However, in that event the presumption established under *People v Pearson, supra,* would be an irrebuttable presumption and the question of prejudice could never be reached by the trial court. We think the intent of *Pearson* is otherwise.

Affirmed.

N. J. KAUFMAN, J. *(dissenting).* I respectfully dissent. In concluding that defendant was not prejudiced by the absence of res gestae witness Thomas Ferguson, the trial court stated:

"Now, Miss Smith, you have argued very effectively and I sincerely mean this, I thought about it a long time. We don't know what that witness would have testified to and I confess to that, I don't know what the witness would have said, but as the prosecutor pointed out, if he had said Mr. Fulton wasn't there, I feel that under the facts and circumstances, I would have convicted him anyway, or if he said Mr. Fulton was there, but he did not participate, I still feel that I would have convicted Mr. Fulton on the testimony that was produced by the prosecution. But I do not feel that the prosecution exercised due diligence in attempting to find this witness in this case so the conviction stands as this court is concerned."

Under *People v Pearson,* 404 Mich 698; 273 NW2d 856 (1979), a defendant is presumed to have been prejudiced by the prosecution's lack of due diligence unless the prosecution overcomes the presumption. The burden of proof is on the prosecution to establish that the absence of the witness did not adversely affect the defendant's right to a fair trial. The question of prejudice is a factual one to be determined by the trial court. *Id.* Under the circumstances of the instant case, however, I cannot fathom how the trial court could have found the prosecution's burden to have been met where the court had no idea as to what the missing witness would have testified.

Defendant was identified at trial only by complainant Claude Sampson.[1] Sampson was robbed by several assailants when he entered his premises with Ferguson after an afternoon of shopping; Ferguson reportedly left when the assault commenced. Complainant Sampson was beaten severely about the head with a steel basket and was hospitalized for four days. Conceivably, had Fergu-

---

[1] The testimony of a second complainant, Clifford Hill, was struck from the record when Hill became incoherent on the witness stand.

son been available, his testimony could have undermined the credibility of Sampson's identification of the defendant. Not only might Ferguson have indicated that defendant was not present, but he might have cast doubt on the one witness the court relied on to place defendant at the scene. Ferguson might have revealed that Sampson had been drinking or was otherwise impaired, or that the lighting within the residence had been poor. Interestingly, although Sampson claimed to have seen all seven of his assailants in the neighborhood previously, he was only able to identify defendant. Moreover, while he had known defendant for ten or eleven years and on a first-name basis, he never told the police that "Herman" had been one of his assailants.

Under the circumstances, I believe that the trial court clearly erred in concluding that regardless of what Ferguson might have testified to, he would have found defendant guilty. The prosecution did not satisfy its burden of showing a lack of prejudice and I would therefore reverse defendant's conviction.