PEOPLE v STAPLES

Opinion of Bashara, J.

1. Criminal Law—Receiving Stolen Property—Guilty Knowledge —Inferences.

*Guilty knowledge may be inferred from facts and circumstances brought out at trial; a defendant's possession of a recently stolen automobile with a damaged ignition and the defendant's false statement that he had the ignition key are sufficient for a finding that the defendant had knowledge that the automobile was stolen.*

2. Witnesses—Criminal Law—Indorsed Witnesses—Failure to Produce—Preserving Question—Motion for New Trial.

*The issue whether a trial court's failure to require production of an indorsed witness resulted in reversible error should not be reviewed by an appellate court unless a motion for a new trial raising the question was made in the trial court.*

Opinion of M. F. Cavanagh, J.

3. Witnesses—Criminal Law—Indorsed Witnesses—Failure to Produce—Preserving Question—Objections—Remand.

*The requirements for preserving the issue of a trial court's failure to require the production of an indorsed witness are met where an objection is made at trial and a hearing is held on the issue of due diligence to produce the witness or on the cumulativeness of the witness's testimony; a remand for further hearing on the issue of cumulativeness is not necessary where the record supports the conclusion that the trial court ruled in the defendant's favor on the issue of due diligence and drew the inference that the witness's testimony would have been unfavorable to the prosecution.*

References for Points in Headnotes
[1] 66 Am Jur 2d, Receiving Stolen Property § 25.
[2–6] 41 Am Jur 2d, Indictments and Information §§ 55, 56.
  58 Am Jur 2d, New Trial § 41.

4. WITNESSES—CRIMINAL LAW—INDORSED WITNESSES—FAILURE TO
   PRODUCE—PRESERVING QUESTION—OBJECTIONS.
   *A motion for a new trial is not required to preserve for appeal
   the issue of a prosecutor's failure to produce an indorsed
   witness where the defendant objects at trial and evidence is
   taken on the issue.*

5. WITNESSES—CRIMINAL LAW—INDORSED WITNESSES—DUE DILIGENCE.
   *A prosecutor's voluntary indorsement of a witness carries with it
   the burden of exercising due diligence in obtaining the pres-
   ence of that witness at trial, and this burden was not met
   where the only efforts to produce the witness were to serve a
   subpoena upon the witness's mother, which was admitted to be
   probably ineffective, and to send a police car to the witness's
   house on the day of trial.*

6. WITNESSES—CRIMINAL LAW—INDORSED WITNESSES—DUE DILIGENCE
   —CUMULATIVE TESTIMONY—REMAND.
   *No reversible error results from a lack of due diligence in the
   prosecutor's attempts to produce an indorsed witness for trial if
   the testimony of the witness would be merely cumulative; but
   where nothing in the record indicates that such a witness's
   testimony would be merely cumulative, a case should be re-
   manded for a hearing to determine whether or not the testi-
   mony would be cumulative.*

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J. Submitted October 11, 1975, at
Detroit. (Docket No. 23977.) Decided March 24,
1976.

Terry Staples was convicted of receiving and
concealing stolen property over the value of $100.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training and Appeals, and
*Raymond P. Walsh,* Assistant Prosecuting Attor-
ney, for the people.

*Waterman & Campbell, P. C.* (by *Joseph D. Walton*), for defendant on appeal.

Before: Bronson, P. J., and Bashara and M. F. Cavanagh, JJ.

Bashara, J. Defendant appeals from a bench trial and conviction of receiving and concealing stolen property over the value of $100, contrary to MCLA 750.535; MSA 28.803.

At trial Detroit police officer Henry testified that he stopped a 1972 Thunderbird automobile at 4 a.m. for speeding. When defendant could not produce a registration, the officer noticed that although the car motor was running there were no keys in the ignition. A passenger, one Tony Washington, was ordered to exit from the automobile and further investigation revealed that the glove box had been forced open. Defendant could not produce the ignition key upon request, although he stated that he had the key.

Testimony was adduced from the owner of the automobile that it had been stolen shortly before defendant was apprehended. It was further shown the ignition key was in the possession of the owner.

Defendant testified that Tony Washington picked him up at his house at 3 a.m. The defendant claimed that he did not initially notice that the ignition key was missing because the engine was running and Washington was driving. Within one block Washington requested the defendant to drive. Places were exchanged while the engine remained on. The defendant stated that he still had not noticed the lack of an ignition key. Defendant explained that he only realized that the car was stolen just prior to being stopped by the police.

The first issue raised on appeal is that there was insufficient evidence to sustain the trial court's finding of defendant's guilt. Defendant particularly claims lack of evidence showing guilty knowledge. However, guilty knowledge may be inferred from facts and circumstances brought out at trial. *People v Blackwell,* 61 Mich App 236; 232 NW2d 368 (1975). Defendant's possession of recently stolen goods, coupled with the damaged ignition and his false statement that he had the key are sufficient to find guilty knowledge. *People v Tantenella,* 212 Mich 614; 180 NW 474 (1920), *People v White,* 22 Mich App 65; 176 NW2d 723 (1970).

Defendant also contends that reversible error resulted from the trial court's failure to require production of indorsed witness Tony Washington. We need not dwell on this issue since *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973), precludes appellate review unless a motion for new trial raising the question is made in the trial court. It is true that a delayed motion for new trial was made and denied in the trial court. However, the sole issue raised there was the sufficiency of the evidence. We find this contention to be without merit.

Affirmed.

M. F. CAVANAGH, J. I agree with Judge BASHARA that the conviction should be affirmed and that a retrial is not necessary. But I do not agree that the issue of the prosecutor's failure to produce an indorsed witness was not preserved for appeal. When defendant objects at trial and a hearing is had on the. issue of due diligence or cumulativeness, the requirements of *Robinson* are met. *People v Jones,* 65 Mich App 619; 237 NW2d 584 (1975).

However, remand is not necessary. The record supports the conclusion that the trial court ruled in defendant's favor on the due diligence issue and drew the inference that the witness's testimony would have been unfavorable to the prosecutor's case. See *People v Barker,* 18 Mich App 544; 171 NW2d 574 (1969).

BRONSON, P. J. I cannot agree with the majority's conclusion that the issue of the prosecutor's failure to produce the indorsed witness, Tony Washington, was not preserved for appeal. When defendant objects at trial and evidence is taken, the *Robinson* requirements are met. *People v Jones,* 65 Mich App 619; 237 NW2d 584 (1975). Those circumstances were present here, and there was no need for defendant to make an additional motion for a new trial.

We need not decide whether Tony Washington was in fact a *res gestae* witness. The prosecutor's voluntary indorsement of Tony Washington carries with it the attendant burden of exercising due diligence in obtaining the presence of that witness at trial, *People v Mitchell,* 48 Mich App 361; 210 NW2d 509 (1973). The record here indicates that the prosecutor did not sustain that burden. The police served a subpoena upon Washington's mother, but admitted that such service was probably ineffective. The only other effort made to locate the witness was to send a scout car to his house the day of trial. This Court has found efforts substantially similar to those to be insufficient. See *People v Eugene Harris,* 43 Mich App 531, 536–538; 204 NW2d 549 (1972).

Although a lack of due diligence has been found, no reversible error results if the testimony of the missing witness would be merely cumulative, *Peo-*

*ple v Kimble,* 60 Mich App 690, 696; 233 NW2d 26 (1975). There is certainly nothing on the record to indicate that Washington's testimony could be classified as such. Although Tony Washington could not directly testify as to defendant's knowledge that the car was stolen, he could certainly have observed actions consistent with lack of knowledge. He was also the only person who could verify defendant's story as to why he was driving the stolen automobile. However, to avoid the possibility of a useless retrial, I vote to follow the remand remedy set forth in *People v James,* 51 Mich App 777, 784–785; 216 NW2d 473 (1974), to more fully explore the cumulativeness issue.