*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 19, 2025
3:26 PM

Plaintiff-Appellee,

v

No. 369601
Clinton Circuit Court
LC No. 2023-011362-FH

LAMICKELL MIEJUAN MCGUIRE,

Defendant-Appellant.

Before: GADOLA, C.J., and CAMERON and ACKERMAN, JJ.

PER CURIAM.

Defendant appeals as of right his bench-trial convictions of first-degree home invasion, MCL 750.110a(2); assault with intent to do great bodily harm less than murder or strangulation, MCL 750.84; receiving and concealing a stolen firearm (receiving and concealing), MCL 750.535b; being a felon in possession of a firearm (felon-in-possession), MCL 750.224f; being a felon in possession of ammunition, MCL 750.224f(7); assault with a dangerous weapon, MCL 750.82(1); larceny in a building, MCL 750.360; possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1); and domestic violence, MCL 750.81(2). He was sentenced to serve concurrent terms of incarceration of 20 to 40 years for the home-invasion conviction; 12 to 40 years for the assault with intent to do great bodily harm conviction; 6 to 40 years for the receiving-and-concealing conviction; 6 to 40 years for the felon-in-possession conviction; 6 to 40 years for the felon in possession of ammunition conviction; 4 to 15 years for the assault with a dangerous weapon conviction; 3 to 15 years for the larceny in a building conviction; 93 days for the domestic-violence conviction; and a consecutive term of two years for the felony-firearm conviction. We vacate defendant's receiving-and-concealing conviction but otherwise affirm, and remand to the trial court for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In February 2023, defendant broke into his former girlfriend's home. While inside, defendant strangled, punched, and assaulted her with a knife. Defendant also produced a gun, which he waived around and held against his own head. Defendant eventually fell asleep, and the victim was able to contact police and escape the home with her child. Defendant remained alone

-1-

in the house for several minutes before surrendering to the responding police officers. While searching the victim's house, police found a 9-millimeter handgun, magazine, and ammunition in a closet. Defendant was convicted of the above charges at a bench trial, and now appeals.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues the prosecution did not present sufficient evidence to sustain his felon-in-possession, felon in possession of ammunition, felony-firearm, and receiving and concealing charges. We conclude that the prosecution presented sufficient evidence for all of defendant's convictions except for his receiving-and-concealing conviction.

## A. STANDARD OF REVIEW

"Due process requires the prosecutor to introduce evidence sufficient for a trier of fact to find the defendant guilty beyond a reasonable doubt." *People v Jarrell*, 344 Mich App 464, 480; 1 NW3d 359 (2022). This Court reviews insufficient-evidence claims de novo. *People v Savage*, 327 Mich App 604, 613; 935 NW2d 69 (2019). This Court "defer[s] to the fact-finder's role in determining the weight of the evidence and the credibility of the witnesses and must resolve conflicts in the evidence in favor of the prosecution." *Jarrell*, 344 Mich App at 480 (quotation marks omitted). Circumstantial evidence and reasonable inferences arising from such evidence are sufficient to prove the elements of a crime. *People v Parkinson*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 362683); slip op at 5.

## B. FELON-IN-POSSESSION, FELON IN POSSESSION OF AMMUNITION, AND FELONY-FIREARM

To support a felon-in-possession conviction, the prosecution must prove that "(1) the defendant is a felon who possessed a firearm (2) before his right to do so was formally restored under MCL 28.424." *People v Bass*, 317 Mich App 241, 268; 893 NW2d 140 (2016). The elements of felon in possession of ammunition are identical to those for felon-in-possession, except the terms "firearm" and "ammunition" are exchanged. See MCL 750.224f. Lastly, "[t]he elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *Bass*, 317 Mich App at 268-269 (quotation marks and citation omitted).

The prosecution presented undisputed evidence that defendant was a felon at the time of these offenses. Defendant also does not dispute that he was not lawfully entitled to possess a firearm at the time of these crimes. He only disputes whether there was sufficient evidence that he possessed the gun in this case.

Actual or constructive possession is sufficient to convict a defendant of a possessory crime. *People v Minch*, 493 Mich 87, 91; 825 NW2d 560 (2012). Constructive possession exists when a person "knowingly has the power and the intention at a given time to exercise dominion or control over a thing." *Id*. at 92 (quotation marks and citation omitted). In the context of felon-in-possession, constructive possession can be found from "proximity to the article together with indicia of control." *People v Flick*, 487 Mich 1, 14; 790 NW2d 295 (2010) (quotation marks and citation omitted).

We acknowledge that neither the gun nor the ammunition was found on his person, that no fingerprint or DNA evidence connected these items to him, and that the victim did not identify the gun that was found as the one she saw in defendant's possession. But, defendant ignores the fact that the victim testified that he possessed a firearm during the offense and that she did not own a firearm herself, nor did she keep one in her home. Additionally, the police found the firearm and ammunition in a closet in the victim's home after defendant had been alone in the home before surrendering—strong circumstantial evidence that defendant possessed the gun found in the victim's house. *Parkinson*, ___ Mich App at ___; slip op at 5. Thus, we conclude that there was ample evidence to support defendant's convictions of felon-in-possession and felony-firearm.

As for the ammunition, defendant argues that "[t]he ammunition was not found in the gun. Thus, even if [defendant] possessed the gun, there was no showing he possessed the ammunition." This argument also lacks merit. The officer who photographed the gun recovered from the victim's home testified that the magazine and round were next to the gun and that both items were consistent with the operation of that particular gun. This evidence leads to the natural conclusion that the person who possessed the firearm also possessed the ammunition.

## C. RECEIVING AND CONCEALING

Unlike the above convictions, we conclude that the prosecution did not present sufficient evidence to sustain defendant's conviction that he knowingly received and concealed a stolen firearm.

The elements for receiving and concealing are that a defendant "(1) received [or] concealed . . . (2) a stolen firearm or stolen ammunition (3) knowing that the firearm or ammunition was stolen." *People v Nutt*, 469 Mich 565, 593; 677 NW2d 1 (2004). Defendant disputes the third element—knowledge. Constructive knowledge is insufficient to sustain a conviction of receiving and concealing. See *Echelon Homes, LLC v Carter Lumber Co*, 472 Mich 192, 200; 694 NW2d 544 (2005).[1] The prosecution may prove a defendant's actual knowledge with circumstantial evidence. *Id*. Minimal circumstantial evidence is sufficient to prove a defendant's state of mind. *People v Clark*, 330 Mich App 392, 437; 948 NW2d 604 (2019). However, a defendant's general knowledge that establishes the high likelihood of a fact is insufficient to establish their actual knowledge of that fact. See *People v Wang*, 505 Mich 239, 259; 952 NW2d 334 (2020).

The prosecution argues on appeal that there was sufficient evidence to find defendant guilty of receiving and concealing a stolen firearm because it was "undisputed that [defendant] was previously convicted of a felony," it is "also undisputed that [he] could not obtain a firearm

---

[1] Although this case addresses a different statute, its reasoning cites *People v Tantenella*, 212 Mich 614; 180 NW 474 (1920), overruled by *Echelon Homes*, 472 Mich at 192, a case concerning receipt or concealment of stolen property. Given the parallel statutory language of the statute at issue in *Echelon Homes* and MCL 750.535b, and the fact that *Echelon Homes* was clarifying a case concerning receipt or concealment of stolen property, its reasoning is applicable here. See *People v Granderson*, unpublished per curiam opinion of the Court of Appeals, issued August 25, 2011 (Docket No. 297838), p 4.

legally[,]" and would have known it was stolen. This, the prosecution argues, in conjunction with testimony establishing that the gun recovered from the victim's home was indeed stolen, was sufficient to establish defendant knew the gun was stolen.

We agree that it is reasonable to infer that defendant could not have lawfully purchased or possessed the stolen gun because he was a felon. But the prosecution presented no direct or circumstantial evidence suggesting that defendant actually knew the gun he possessed was stolen. The only testimony about this particular gun being stolen is a brief mention during trial that the gun "was reported stolen out of [the] East Lansing Police Department." The trial testimony did not provide a date, or even a year or decade of the theft. Nor is there any testimony that the gun had been altered in any way that would have raised the suspicion of a subsequent user. Essentially, the prosecution is arguing that felons, like defendant, who cannot lawfully possess a firearm necessarily obtain their weapons by purchasing stolen guns.[2] The trial court followed the same flawed logic in convicting defendant when it reasoned:

> [The officer] also further testified that not only did he know [defendant] could not legally own a firearm, because he was a convicted felon, but that it was verified through LEIN that the firearm that was recovered from this particular incident had been . . . reported stolen . . . out of the East Lansing Police Department. So with regards to count three, weapons firearms receiving and concealing, [defendant] did transport or receive or conceal a stolen firearm. The court finds him beyond reasonable doubt guilty.

This, alone, was insufficient to convict defendant of receiving and concealing beyond a reasonable doubt.

Defendant's receiving-and-concealing conviction must be vacated, because "[a]cquittal, not retrial, is the proper remedy [for convictions based on insufficient evidence], as dictated by double jeopardy principles." *People v Mitchell*, 301 Mich App 282, 294; 835 NW2d 615 (2013) (quotation marks and citation omitted).

---

[2] We have had few opportunities to examine what circumstantial evidence is sufficient to establish a defendant's knowledge for a receiving and concealing charge. One such case in which we examined this issue was *People v Granderson*, unpublished per curiam opinion of the Court of Appeals, issued August 25, 2011 (Docket No. 297838), p 5, in which we reasoned:

> One factor in assessing whether guilty knowledge existed in a receiving or concealing case is whether the defendant possessed the article shortly after it was stolen. *People v Salata*, 79 Mich App 415, 421; 262 NW2d 844 (1977). Although this factor cannot support a conviction by itself, see *People v White*, 22 Mich App 65, 68; 176 NW2d 723 (1970), it can be considered with other evidence in order to sustain a conviction. *People v Staples*, 68 Mich App 220, 223; 242 NW2d 74 (1976).

-4-

III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues trial counsel was ineffective because he failed to introduce evidence that defendant lived in the house with the victim, which would have rendered his home-invasion conviction infirm, and because he failed to introduce the victim's medical records, which could have been used to impeach her credibility. We disagree.

A. PRESERVATION AND STANDARD OF REVIEW

Defendant did not move in the trial court or on appeal for a new trial or *Ginther*[3] hearing. Therefore, his ineffective-assistance-of-counsel claim is unpreserved. See *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2010); *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008).

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004) (quotation marks and citation omitted). "The trial court must first find the facts and then decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel." *Id*. "The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo." *Id*. "Where claims of ineffective assistance of counsel have not been preserved, our review is limited to errors apparent on the record." *Id*.

B. ANALYSIS

The United States and Michigan Constitutions both entitle a criminal defendant to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20; *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). A defendant asserting ineffective assistance of counsel "must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *People v Ackley*, 497 Mich 381, 388; 870 NW2d 858 (2015) (quotation marks and citation omitted). And, the burden is on the defendant to establish the factual predicate for an ineffective-assistance claim. *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014). To succeed on a claim of ineffective assistance of counsel, a defendant must demonstrate that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that that outcome would have been different." *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023) (quotation marks and citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (quotation marks and citations omitted).

With respect to the performance prong, there is a presumption that the choice of what evidence to present is a matter of trial strategy. *People v Rosa*, 322 Mich App 726, 742; 913 NW2d 392 (2018). Decisions regarding how to question witnesses are also presumed to be matters of trial strategy. *People v Putnam*, 309 Mich App 240, 248; 870 NW2d 593 (2015). We "affirmatively entertain the range of possible reasons . . . counsel may have had for proceeding as

---

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

they did" when making these presumptions. *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012) (quotation marks and citation omitted).

Defendant first argues that, although he informed trial counsel that he lived in the victim's house, counsel did not assert this as a defense to the home-invasion charge. In support of his argument, defendant notes that the victim did not testify she was initially upset to see him in the house and that the house was listed as his home address in his presentence investigation report (PSIR). But it is unlikely this defense would have been successful.

First, defendant does not explain why the victim's alleged lack of anger in finding him in her home establishes he lived there in light of her extensive testimony to the contrary. The victim testified she had not been in a relationship with defendant in over a year, and had not given him access to the house or knew how he entered that night. She further testified she did not believe he had a key to the house, and that she regularly locked her doors. The prosecution also admitted a photograph of the door which showed markings that the victim testified had not been there before the night of the offenses, suggesting defendant entered the home without permission. Second, defendant's PSIR lists the victim's home as his "Last Known Address." This also comports with one of the officers' testimony that the officer knew defendant had previously lived in the home but that "it was not [her] understanding that he was a current resident of that [home] on that evening." Given the evidence demonstrating defendant did not, in fact, live in the home, and the unconvincing reasons defendant provides on appeal in support of his claim that he did, counsel was not ineffective for failing to advance this meritless defense. *People v Isrow*, 339 Mich App 522, 532; 984 NW2d 528 (2021) (Trial counsel is not ineffective by failing to raise a meritless argument).

Defendant also argues trial counsel was ineffective for failing to introduce the victim's medical records for impeachment purposes. Had counsel done so, defendant contends, the victim's credibility would have been sufficiently damaged to potentially change the outcome of the case. Even absent the victim's medical records, the trial court was presented with numerous photographs of her injuries that corroborated her credibility. While it is possible that medical records could have slightly undermined some specific allegations the victim made, it is also possible they could have bolstered her credibility. Trial counsel's choice not to seek admission of these records could therefore have been a sound strategic decision, and defendant has presented no evidence to overcome this presumption. *Ackley*, 497 Mich at 388.

Defendant's receiving-and-concealing conviction is vacated. The remainder of his convictions are affirmed. We remand for further proceedings to determine if the vacation of the receiving-and-concealing conviction affects defendant's remaining sentences. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Matthew S. Ackerman